Lars K. Evensen
Nevada Bar No. 8061
Jenapher Lin
Nevada Bar No. 14233
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
lkevensen@hollandhart.com
jlin@hollandhart.com

P. Sterling Kerr
Nevada Bar No. 3978
KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, NV 89052
Phone: 702.451.2055
Fax: 702.451.2077
sterling@kerrsimpsonlaw.com

*Attorneys for International Markets Live Inc., IM Mastery Academy Ltd., Assiduous, Inc., Christopher Terry, and Isis Terry*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION; and STATE OF NEVADA,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL MARKETS LIVE INC., a corporation, also d/b/a IYOVIA, iMarketsLive, IM Mastery Academy, and IM Academy; IM MASTERY ACADEMY LTD., f/k/a International Markets Live Ltd., a United Kingdom company; ASSIDUOUS, INC., a corporation; GLOBAL DYNASTY NETWORK, LLC., a limited liability company; CHRISTOPHER TERRY, individually and as an owner and officer of International Markets Live Inc.; ISIS TERRY, fka ISIS DE LA TORRE, individually and as an owner and officer of International Markets Live Inc., IM Mastery Academy Ltd., and Assiduous, Inc.; JASON BROWN, individually and as an officer of International Markets Live Inc. and as a member of Global Dynasty Network, LLC; ALEX MORTON, individually and as an officer of International Markets Live Inc.; | Case No.: 2:25-cv-00760-CDS-NJK<br><br>**MOTION TO STRIKE NONCOMPLIANT DOCUMENT (RE MOTION FOR PRELIMINARY INJUNCTION, ECF NO. 42)** |

1

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

MATTHEW ROSA, individually and as a member of Global Dynasty Network, LLC; and BRANDON BOYD,

Defendants.

Defendants INTERNATIONAL MARKETS LIVE INC. ("IML"), IM MASTERY ACADEMY LTD. ("IM Academy"), ASSIDUOUS, INC. ("Assiduous"), CHRISTOPHER TERRY ("Mr. Terry"), and ISIS TERRY ("Ms. Terry"), by and through their undersigned counsel of record, the law firms of Holland & Hart LLP and Kerr Simpson Attorneys at Law, and pursuant to LR IA 10-1(d) and LR IC 7-1, hereby respectfully submit this *Motion to Strike Noncompliant Document (re Motion for Preliminary Injunction, ECF No. 42)* (the "Motion"), requesting that the *Motion for Preliminary Injunction* (the "Noncompliant Document" or "PI Motion"; ECF No. 42), filed by Plaintiffs FEDERAL TRADE COMMISSION (the "FTC") and STATE OF NEVADA (the "State"), be stricken for failure to comply with page limits under LR 7-3(b) (58 pages) and exhibit volume requirements under LR IA 10-3(i). This Motion is made and based upon the pleadings and papers on file herein, the below Memorandum of Points and Authorities, and any oral argument that this Court allows at the time of any hearing scheduled on the Motion.

DATED this 4th day of June 2025.

HOLLAND & HART LLP

*/s/ Lars K. Evensen*
Lars K. Evensen
Jenapher Lin
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

P. Sterling Kerr
KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, NV 89052

*Attorneys for Defendants
International Markets Live Inc.,
IM Mastery Academy Ltd., Assiduous, Inc.,
Christopher Terry, and Isis Terry*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Pursuant to LR IC 7-1 and LR IA 10-1(d), the Court should strike the PI Motion (ECF No. 42) for failure to comply with page limits under LR 7-3(b) (58 pages) and exhibit volume requirements under LR IA 10-3(i).  Noncompliance with the local rules is apparent upon a cursory review of the 61-page PI Motion—and the 6928 pages of unnecessarily voluminous exhibits thereto—and no further consideration is necessary to warrant the striking of the PI Motion.

Upon closer review, the PI Motion should be stricken because it exemplifies why local rules for page limits and exhibits exist.  Significantly, submitting on overlength brief with unnecessarily voluminous exhibits that seeks to merely lump multiple defendants of varying capacities together into one motion without differentiating between them or the specific allegations or arguments applicable to them imposes a substantial burden not only on the Court, but the respective defendants as well.

## II.  LEGAL STANDARD

Pursuant to LR IC 7-1, "[t]he court may strike documents that do not comply with these rules."  LR IC 7-1; *see also* LR IA 10-1(d) ("The court may strike any document that does not conform to an applicable provision of these rules or any Federal Rule of Civil or Criminal Procedure.").

LR 7-3(b), governing page limits, provides that "[a]ll other motions, responses to motions, and pretrial and post-trial briefs are limited to 24 pages, excluding exhibits."  "'The court looks with disfavor on motions to exceed page limits, so permission to do so will not be routinely granted.  A motion to file a brief that exceeds [] page limits will be granted only upon a showing of good cause' and 'must be filed before the motion or brief is due[.]'" *Mona v. Sifen*, No. 2:22-cv-00821-CDS-VCF, 2023 U.S. Dist. LEXIS 101559, at *2 (D. Nev. June 9, 2023) (alterations in original; quoting LR 7-3(c)).  Further, a motion to exceed page limits "must be accompanied by a declaration stating **in detail the reasons** for, and number of, additional pages requested."  LR 7-3(c) (emphasis added).

LR IA 10-3, governing exhibits, provides that "[e]xhibits need not be typewritten and may be copies, but they must be clearly legible and **not unnecessarily voluminous**" and that "[i]f an

3

appendix exceeds 250 pages, the exhibits must be filed in multiple volumes, with each volume containing no more than 250 pages." LR IA 10-3(h), (i).

### III.     LEGAL ARGUMENT

At issue is the FTC's and State's PI Motion (ECF No. 42), filed May 30, 2025, which consists of a 61-page brief (excluding exhibits, table of contents, and table of authorities; 70-pages total), 7 proposed orders/attachments (ECF No. 42-1–42-7), and 25 exhibits consisting of 6928 pages (ECF No. 42-8–42-48).

The PI Motion facially fails to comply with page limits under LR 7-3(b) (61 pages) and exhibit volume requirements under LR IA 10-3(i) and should be stricken in its entirety pursuant to and in accordance with LR IA 10-1 and LR IC 7-1. As noncompliance is apparent on the face of the PI Motion and exhibits thereto, the Court is well within its discretion to, and under the circumstances should, strike the Noncompliant Document (ECF No. 42) without further consideration.[1]

Nevertheless, the substantive grounds for striking the PI Motion are addressed in turn.

#### A.     Noncompliance with LR 7-3(b)

The 61-page PI Motion (ECF No. 42 at 9–69) should be stricken for failure to comply with the 24-page limit set forth in LR 7-3(b) as it is an overlength brief filed without leave of court and without the requisite showing of good cause. The PI Motion and accompanying exhibits contain 37 pages of "statements of fact"—consisting of assertions of fact copied directly from the Complaint with intermittent references to 6928 pages of purported declarations—followed by 17 pages of vaguely asserted arguments with no effort to connect the factual assertions to the arguments or the arguments to cogently satisfy the applicable standard for relief as to the specific defendants against whom relief is sought.[2]

---

[1] *See, e.g.*, *United States v. Hvass*, 355 U.S. 570, 574–75 (1958) (holding that local rules have the force of law); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets, including the power to strike documents); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) ("Broad deference is given to a district court's interpretation of its local rules."); *Jasper v. Martinez*, No. 217CV03026GMNVCF, 2018 WL 3997262, at *2 n.3 (D. Nev. Aug. 21, 2018) ("The Court, however, declines to consider this request as it is procedurally improper pursuant to this District's local rules.").

[2] *See, e.g.*, *Mona v. Sifen*, No. 2:22-cv-00821-CDS-VCF, 2023 U.S. Dist. LEXIS 101559, at *2-3 (D. Nev. June 9, 2023) ("Filing an overlength brief, which contains assertions of fact copied directly from the operative complaint and arguments not tailored to the defendant's motion to dismiss,

4

Problematically, there is no apparent reason for the statement of facts to be 37 pages long, almost all of which is asserting past violations (mirroring the allegations in the Complaint) where the FTC is only entitled to injunctive relief only for continuing violations or violations that are likely to recur under Section 13(b) of the FTC Act[3]. Likewise, the FTC fails to otherwise set forth any legal or factual basis to demonstrate compliance with Section 19(a)(2) and/or entitlement to relief under Section 19(b) of the FTC Act otherwise.[4]

Similarly, the 27-page proposed preliminary injunction (ECF No. 42-1) sought by the FTC and the State seeks broad, far reaching, and all encompassing injunctive relief against six individual defendants and four corporate defendants centered on preservation of assets, which bears little to no connection to the arguments in the PI Motion itself (ECF No. 42 at 51–66)—particularly where the FTC concedes "*AMG Capital Mgmt., LLC v. FTC*, 593 U.S. 67 (2021) held that the FTC is not able to obtain equitable monetary relief under Section 13(b) of the FTC Act" (ECF No. 42 at 49).

Further, the majority of the PI Motion contains factual assertions and arguments against defendants generally (ECF No. 42 at 11–39), but merely a paragraph or two of generic allegations as to each defendant (ECF No. 42 at 39–48), and little, to no, attempt to establish or distinguish between establishing liability for injunctive relief against corporate defendants and individual defendants. *See, e.g.*, *FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1101 (9th Cir. 2014) (discussing requirements for individual liability for injunctive relief). The FTC's broadbrush generic approach in an overlength brief against the several differently situated corporate defendants and individual

---

imposes a substantial burden on the court. Put simply, there is no reason for the statement of facts in Mona's response to be 13 pages long, as almost all of that information is contained in Mona's complaint." (internal citation omitted)).

[3] *See, e.g.*, *FTC v. Vemma Nutrition Co.*, No. CV-15-01578-PHX-JJT, 2015 U.S. Dist. LEXIS 179855, at *13-14 (D. Ariz. Sep. 18, 2015) ("Under Section 13(b) of the FTC Act, the FTC is entitled to injunctive relief only for continuing violations or violations that are likely to recur—'the statute does not mention past violations.'" (quoting *FTC v. Evans Prods. Co.*, 775 F.2d 1084, 1087 (9th Cir. 1985))).

[4] *Compare* PI Mot. (ECF No. 42 at 49) (summarily asserting Section 19 authorizes certain relief, but failing to assert it applies here); *with* FTC Act § 19(a)(2), 15 U.S.C. § 57b(a)(2) ("If . . . the Commission has issued a final cease and desist order which is applicable to such person, partnership, or corporation, then the Commission may commence a civil action . . . . If the Commission satisfies the court that the act or practice to which the cease and desist order relates is one which a reasonable man would have known under the circumstances was dishonest or fraudulent, the court may grant relief under subsection (b).").

5

defendants should not be permitted to stand. Neither the Court nor defendants should be required to sift through voluminous exhibits and an overlength brief in an effort to piece together which exhibits support which facts which apply to which arguments for which defendants.[5]

Even more, despite the overlength brief issue being fully briefed and pending before the Court (ECF Nos. 13, 27, 28, 31), the FTC and the State saw fit to file their PI "Motion now without awaiting a ruling on the page-limit motion due to critical recent developments" (ECF No. 42 at 9 n.1)—specifically, a recent announcement that "IML was suspending its operations", which the FTC and the State unreasonably interpreted as Defendants "would be deleting consumers' data held by IML".[6] In other words, the "critical recent developments" referred to by the FTC and the State consisted of their speculative concerns as to whether Defendants were complying with their evidentiary preservation obligations and are wholly unrelated to the purpose of and relief sought in their PI Motion. *See* PI Mot. (ECF No. 42 at 62) ("The proposed PI would put an immediate stop to IML's deceptive earnings claims, bar Defendants from hiding or dissipating assets that should be returned to defrauded consumers, and impose tailored limitations on their ability to spend money.").

Moreover, FTC's acknowledgement of IML's suspension of operations appears disjunctive from the relief sought—to enjoin continuing violations or violations that are likely to recur under Section 13(b) of the FTC Act—further diminishing any good cause for the FTC's rushing to file a noncompliant PI Motion in lieu of awaiting the Court's ruling on the fully briefed page-limit motion.

---

[5] *See, e.g.*, *Vaccine Ctr. LLC v. GlaxoSmithkline LLC*, No. 2:12-cv-01849-JCM-NJK, 2013 U.S. Dist. LEXIS 68298, at *8-9 n.4 (D. Nev. May 14, 2013) ("'A judge is an impartial umpire of legal battles, not a [party's] attorney. [She] is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments. . . . To the extent [a party] failed to develop any additional arguments or provide support for them, [it] has waived them.'" (quoting *Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001) (alterations in original))).

[6] The purported concerns of the FTC and the State were unjustifiable given the extensive amount of documents and information obtained by the FTC from Defendants over the course of the last three years in response to multiple CIDs. Moreover, asking opposing counsel to reveal attorney-client communications, and counsel's refusal to reveal those privileged attorney-client communications concerning preservation, is not a basis for the FTC speculate as to the status of evidentiary preservation obligations. To the extent the FTC and the State had non-speculative concerns as to evidentiary preservation obligations, the proper procedural mechanism would have been to file a separate motion for relief supported by the requisite good cause basis and documentary support, assuming such grounds existed (which does not appear to be the case given the lack of supporting details provided and how they elected to proceed).

6

Little "likelihood of further, additional violations" by a company with suspended operations exists and seeking broad reaching injunctive relief bears little relationship to the unlawful practices alleged. *See, e.g.*, *FTC v. Jones*, No. SA CV 17-0058-DOC (JCGx), 2017 U.S. Dist. LEXIS 226022, at *12-16 (C.D. Cal. May 25, 2017) ("In granting an injunction in this context, courts are to consider (1) the reasonable relationship between the remedy selected and the unlawful practices found to exist, and (2) the likelihood of further, additional violations." (citing *Sears, Roebuck & Co. v. FTC*, 676 F.2d 385, 391-92 (9th Cir. 1982))).

Accordingly, pursuant to LR IA 10-1 and LR IC 7-1, the Court should strike the 61-page PI Motion (ECF No. 42) for failure to comply with the 24-page limit set forth in LR 7-3(b) and failure to set forth the requisite good cause necessary to warrant leave to file an overlength brief under LR 7-3(c).

**B.     Noncompliance with LR IA 10-3(i).**

The PI Motion should be stricken for failure to comply with the exhibits requirements set forth in LR IA 10-3(h) (exhibits must be clearly legible and not unnecessarily voluminous) and LR IA 10-3(i) (exhibits must be filed in multiple volumes, with each volume containing no more than 250 pages). Attached to the PI Motion are seven (7) proposed orders/attachments (ECF No. 42-1–42-7) and 25 exhibits consisting of 6928 pages (ECF No. 42-8–42-48) not filed in multiple volumes, which is unnecessarily voluminous and burdensome on its face.

Accordingly, pursuant to LR IA 10-1 and LR IC 7-1, the Court should strike the PI Motion and the accompanying 6928 pages of exhibits thereto as unnecessarily voluminous in noncompliance with LR IA 10-3(h) and for failure to file the exhibits in multiple volumes with each volume containing no more than 250 pages as required under LR IA 10-3(i).

/ / /

/ / /

/ / /

## IV. CONCLUSION

Based on the foregoing, and pursuant to LR IA 10-1(d) and LR IC 7-1, the Court should strike the PI Motion (ECF No. 42) filed by the FTC and State for failure to comply with page limits under LR 7-3(b) (61 pages) and exhibit volume requirements under LR IA 10-3(i).

DATED this 4th day of June 2025.

HOLLAND & HART LLP

*/s/ Lars K. Evensen*
Lars K. Evensen
Jenapher Lin
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

P. Sterling Kerr
KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, NV 89052

*Attorneys for Defendants International Markets Live Inc., IM Mastery Academy Ltd., Assiduous, Inc., Christopher Terry, and Isis Terry*

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June 2025, a true and correct copy of the foregoing **MOTION TO STRIKE NONCOMPLIANT DOCUMENT (RE MOTION FOR PRELIMINARY INJUNCTION, ECF NO. 42)** was served by the following method(s):

☑ Electronic: by submitting electronically for filing and/or service with the United States District Court, District of Nevada's e-filing system and/or served on counsel electronically in accordance with the E-service list to the following email addresses:

Thomas M. Biesty
Laura C. Basford
J. Ronald Brooke, Jr.
Joshua A. Doan
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-6316
Washington, DC 20580
tbiesty@ftc.gov
lbasford@ftc.gov
jbrooke@ftc.gov
jdoan@ftc.gov

*Attorneys for Federal Trade Commission*

Aaron D. Ford
Ernest D. Figueroa
Lucas J. Tucker
Samantha B. Feeley
STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL
BUREAU OF CONSUMER PROTECTION
8945 W. Russell Road, #204
Las Vegas, NV 89148
efigueroa@ag.nv.gov
ltucker@ag.nv.gov
sfeeley@ag.nv.gov

*Attorneys for State of Nevada*

Phillip A. Silvestri
GREENSPOON MARDER, PA
3993 Howard Hughes Pkwy., Suite 400
Las Vegas, NV 89169
702-978-4249
Fax: 954-333-4256
phillip.silvestri@gmlaw.com

*Attorneys for Global Dynasty Network, LLC, Jason Brown, Matthew Rosa*

Z. Ryan Pahnke
RAY QUINNEY & NEBEKER
36 S State St Ste 1400
Salt Lake City, UT 84111
801-532-1500
Fax: 801-532-1500
rpahnke@rqn.com

*Attorneys for Brandon Boyd*

Alina Veneziano
OBERHEIDEN P.C.
11035 Lavender Hill Dr. Ste. 160, #246
Las Vegas, NV 89135
702-209-7570
alina@federal-lawyer.com

*Attorneys for Alex Morton*

/s/ Tiffany Pond
An Employee of Holland & Hart LLP