Lars K. Evensen
Nevada Bar No. 8061
Jenapher Lin
Nevada Bar No. 14233
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
lkevensen@hollandhart.com
jlin@hollandhart.com

P. Sterling Kerr
Nevada Bar No. 3978
KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, NV 89052
Phone: 702.451.2055
Fax: 702.451.2077
sterling@kerrsimpsonlaw.com

*Attorneys for International Markets Live Inc., IM Mastery Academy Ltd., Assiduous, Inc., Christopher Terry, and Isis Terry*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION; and STATE OF NEVADA,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL MARKETS LIVE INC., a corporation, also d/b/a IYOVIA, iMarketsLive, IM Mastery Academy, and IM Academy; IM MASTERY ACADEMY LTD., f/k/a International Markets Live Ltd., a United Kingdom company; ASSIDUOUS, INC., a corporation; GLOBAL DYNASTY NETWORK, LLC., a limited liability company; CHRISTOPHER TERRY, individually and as an owner and officer of International Markets Live Inc.; ISIS TERRY, fka ISIS DE LA TORRE, individually and as an owner and officer of International Markets Live Inc., IM Mastery Academy Ltd., and Assiduous, Inc.; JASON BROWN, individually and as an officer of International Markets Live Inc. and as a member of Global Dynasty Network, LLC; ALEX MORTON, individually and as an officer of International Markets Live Inc.; | Case No.: 2:25-cv-00760-CDS-NJK<br><br>**REPLY IN SUPPORT OF MOTION TO EXTEND DEADLINE TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION (ECF No. 42)**<br>**(Second Request)** |

1

| | |
|---|---|
| 1<br>2 | MATTHEW ROSA, individually and as a member of Global Dynasty Network, LLC; and BRANDON BOYD, |
| 3 | Defendants. |

Defendants INTERNATIONAL MARKETS LIVE INC. ("IML"), IM MASTERY ACADEMY LTD. ("IM Academy"), ASSIDUOUS, INC. ("Assiduous"), CHRISTOPHER TERRY ("Mr. Terry"), and ISIS TERRY ("Ms. Terry") (collectively, as "Moving Defendants"), by and through their undersigned counsel of record, the law firms of Holland & Hart LLP and Kerr Simpson Attorneys at Law, and pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure ("FRCP" or "Rule"), hereby respectfully submit this timely *Reply* (the "Reply") in support of *Motion to Extend Deadline* (the "Motion to Extend"; ECF No. 50) to respond to the *Motion for Preliminary Injunction* (the "PI Motion"; ECF No. 42), filed May 30, 2025, by Plaintiffs FEDERAL TRADE COMMISSION (the "FTC") and STATE OF NEVADA (the "State" and collectively, with FTC, as "Plaintiffs"), and in advance of the current deadline (June 27, 2025), requesting a 90-day extension—to **September 25, 2025**. This is the first motion, but the second request (*see* SAO to Extend, ECF Nos. 47, 52), to extend the deadline to respond to the PI Motion. This Reply is made and based upon the pleadings and papers on file herein, the below Memorandum of Points and Authorities, and any oral argument that this Court allows at the time of any hearing scheduled on the Motion(s).

DATED this 18th day of June 2025.

HOLLAND & HART LLP

*/s/ Lars K. Evensen*
Lars K. Evensen
Jenapher Lin
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

P. Sterling Kerr
KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, NV 89052

*Attorneys for Defendants International Markets Live Inc., IM Mastery Academy Ltd., Assiduous, Inc., Christopher Terry, Isis Terry*

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION & ARGUMENT[1]

For good cause appearing, the Court should extend the deadline to respond to Plaintiffs' PI Motion by 90 days—to **September 25, 2025**. This is particularly true given that Plaintiffs' Response lacks any cogent argument for why the instant Motion to Extend (ECF No. 50) should not be granted. *See generally* Resp. (ECF No. 57).

As Plaintiffs are well aware, "in the Ninth Circuit, 'in [the] absence of bad faith on the part of the party seeking relief or prejudice to the adverse party,' requests for extensions made before the applicable deadline has passed should normally be granted." *Dickson v. Nevada*, No. 2:21-cv-00999-JAD-EJY, 2025 U.S. Dist. LEXIS 44422, at *8 (D. Nev. Mar. 12, 2025) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)) (alternation in original). Here, this Motion to Extend (ECF No. 50) is timely filed in advance of the applicable deadline (June 27, 2025), is made in good faith and not for any improper purposes or delay, and no prejudice to Plaintiffs results from the granting of this Motion to Extend.

The instant Motion is seeking a reasonable extension so that defendants have adequate time to fully respond to the PI Motion. Plaintiffs do not argue that 90 days is an unreasonable amount of time. In fact, Plaintiffs were more than willing to give Defendants Global Dynasty, Brown, and Rosa 90 days. (ECF Nos. 46, 58). Nonetheless, Plaintiffs have gone to great lengths to ensure that Moving Defendants are not given any more than two weeks to respond to the accusations set forth in the PI Motion and the extensive, all encompassing injunctive relief sought by the FTC.[2]

---

[1] As an initial matter, the Court should strike Plaintiffs' *Consolidated Response (1) Motion to Extend Deadline to Respond to Motion for Preliminary Injunction and (2) Motion For Rule 16 Conference (ECF Nos. 50, 53, 54, 56)* (ECF No. 57) as it fails to comply with LR IC 2.2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document."). In so doing, Plaintiffs group together their arguments, making it needlessly difficult to decipher what points and arguments go to which motion.

[2] As set forth in the Motion to Extend, Plaintiffs steadfastly refused to extend the response deadline beyond 14 days (from June 13th to June 27th), which were essentially spent on negotiating, drafting/revising, and obtaining approval of counsel for all parties for the SAO (ECF No. 47), followed by the filing on the instant Motion to Extend (ECF No. 50) so that the issue could be presented to the Court and hopefully adjudicated prior to the expiration of the current June 27th deadline. *See, e.g.*, *Corral v. Nat'l Consumer Telecom & Utils. Exch., Inc.*, No. 2:25-cv-00019-

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

Particularly unavailing are Plaintiffs' feigned outcries of prejudice, which essentially can be summed up as "because, the sooner, the better." *See, e.g.*, Resp. (ECF No. 57 at 8). But the Court has yet to set a hearing date for the PI Motion; nor did Plaintiffs find the circumstances so urgent as to warrant moving for a TRO.

The fact that "Plaintiffs submitted 1,794 pages from IML's compliance database" (ECF No. 57 at 6) ignores the remaining 5,134 pages attached to Plaintiffs' PI Motion (ECF No. 42) at issue, which includes a 564-page expert report (ECF No. 42-23) and 12 videos (ECF No. 43). Further, the 1,794 pages is out of millions of pages amounting to terabytes worth of data that was produced to the FTC in response to the CIDs—FTC's argument that defendants should be able to guess which documents the FTC was going to attach to its PI Motion is simply nonsensical.

Similarly meritless is Plaintiffs' argument that additional time should not be granted to defendants because Plaintiffs sent a copy of the complaint to defendants months ago (ECF No. 57 at 8). Plaintiffs' Response merely opines that defendants should be able to respond in the given time, which is not the non-rigorous, "good cause" standard applicable. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). In effect, Plaintiffs suggest defendants should have been clairvoyant in knowing the contents of Plaintiffs' PI Motion as well as the supporting information Plaintiffs' would have attached, including information that was produced by third parties and other defendants.

Plaintiffs' speculations do not constitute good cause for denying the reasonable extension requested. Plaintiffs speculate that "the sooner a preliminary injunction is granted requiring Defendants to preserve such data, the higher the chance that such relevant information will be preserved." (ECF No. 57 at 10). Plaintiffs apply self-serving speculation, that Moving Defendants are not preserving data, to justify their Response. Similarly, Plaintiffs' speculations as to Individual Defendants' spending and the financial condition of Moving Defendants are not good cause to deny a reasonable extension. (ECF No. 57 at 10).

Preliminary injunctions are to preserve the status quo, which is not what Plaintiffs are

---

JCM-MDC, 2025 U.S. Dist. LEXIS 70516, at *3 (D. Nev. Apr. 10, 2025) ("Generally, 'good cause' is equated with diligence.").

4

attempting to do. *See, e.g.*, *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994) ("A prohibitory injunction preserves the status quo."); *Gladwill v. Ruby Pipeline, LLC*, No. 3:11-CV-00251-RCJ, 2013 WL 144268, at *7 (D. Nev. Jan. 10, 2013) ("Where the purpose of the injunction is to require affirmative acts, or a mandatory injunction, the court should exercise restraint and caution when considering such a request. Mandatory injunctions, which disrupt the status quo, are particularly disfavored and subject to a greater degree of scrutiny." (internal citation omitted)).

Tellingly absent from Plaintiffs' Response any attempt to address the fact that Plaintiffs have sought a 60-day stay all deadlines with respect to Defendants Global Dynasty, Brown, and Rosa (ECF No. 46) so that "the FTC can seek Commission approval of a proposed stipulated final order for permanent injunction and monetary judgment to resolve all Plaintiffs' claims as to the GDN Defendants" (ECF No. 46 at 2), seeking 30 days for those defendants to respond should the settlement be rejected—*i.e.*, the same 90-day period being sought here.  Certainly, this request creates a potential mismatch in the preliminary injunction timeline; do Plaintiffs anticipate one preliminary injunction hearing for certain defendants and another for Defendants Global Dynasty, Brown, and Rosa?

Notably, during this interim period, Plaintiffs have not sought a corresponding preliminary injunction against Defendants Global Dynasty, Brown, and Rosa, which calls into question whether and to what extent the requested preliminary injunction is really meant to preserve the status quo.

In sum, Moving Defendants seek a reasonable extension well in advance of the current June 27th deadline and good cause exists to grant the requested extension so as to afford Moving Defendants sufficient time to fully and adequately respond to Plaintiffs' PI Motion.

## II.   CONCLUSION

Based on the foregoing, IML, IM Academy, Assiduous, Mr. Terry, and Ms. Terry respectfully request that the Court grant the instant Motion to Extend (ECF No. 50) and, for good cause appearing, allow a 90-day extension to the deadline to respond to Plaintiffs' 61-page PI Motion—to **September 25, 2025**.  Alternatively, should the Court not be inclined to grant the requested 90-day extension, good cause exists to warrant, at minimum, a 60-day extension—to **August 11, 2025**—the same period in which Plaintiffs have sought to stay the deadlines as to

5

Defendants Global Dynasty, Brown, and Rosa (ECF Nos. 46, 58) without seeking a corresponding preliminary injunction against them for the interim period.

DATED this 18th day of June 2025.

HOLLAND & HART LLP

*/s/ Lars K. Evenen*
Lars K. Evensen
Jenapher Lin
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

P. Sterling Kerr
KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, NV 89052

*Attorneys for Defendants International Markets Live Inc., IM Mastery Academy Ltd., Assiduous, Inc., Christopher Terry, Isis Terry*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June 2025, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO EXTEND DEADLINE TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 42) (Second Request)** was served by the following method(s):

☑ Electronic: by submitting electronically for filing and/or service with the United States District Court, District of Nevada's e-filing system and/or served on counsel electronically in accordance with the E-service list to the following email addresses:

Thomas M. Biesty
Laura C. Basford
J. Ronald Brooke, Jr.
Joshua A. Doan
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-6316
Washington, DC 20580
tbiesty@ftc.gov
lbasford@ftc.gov
jbrooke@ftc.gov
jdoan@ftc.gov

*Attorneys for Federal Trade Commission*

Phillip A. Silvestri
GREENSPOON MARDER, PA
3993 Howard Hughes Pkwy., Suite 400
Las Vegas, NV 89169
702-978-4249
Fax: 954-333-4256
phillip.silvestri@gmlaw.com

*Attorneys for Global Dynasty Network, LLC, Jason Brown, Matthew Rosa*

Alina Veneziano
OBERHEIDEN P.C.
11035 Lavender Hill Dr. Ste. 160, #246
Las Vegas, NV 89135
702-209-7570
alina@federal-lawyer.com

*Attorneys for Alex Morton*

Aaron D. Ford
Ernest D. Figueroa
Lucas J. Tucker
Samantha B. Feeley
STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL
BUREAU OF CONSUMER PROTECTION
8945 W. Russell Road, #204
Las Vegas, NV 89148
efigueroa@ag.nv.gov
ltucker@ag.nv.gov
sfeeley@ag.nv.gov

*Attorneys for State of Nevada*

Z. Ryan Pahnke
RAY QUINNEY & NEBEKER
36 S State St Ste 1400
Salt Lake City, UT 84111
801-532-1500
Fax: 801-532-1500
rpahnke@rqn.com

David J. Malley
Nevada Bar No. 8171
HUTCHISON & STEFFEN PLLC
10080 W. Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Email: dmalley@rhutchlegal.com

*Attorneys for Brandon Boyd*

*/s/ Tiffany Pond*
An Employee of Holland & Hart LLP

7