Z. Ryan Pahnke
Nevada Bar No. 9641
Jeffrey W. Shields (*admitted pro hac vice*)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Email: rpahnke@rqn.com

David J. Malley
Nevada Bar No. 8171
**HUTCHISON & STEFFEN PLLC**
10080 W. Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Email: dmalley@hutchlegal.com
*Designated for service pursuant to LR IA 11-1(b)*

*Attorneys for Defendant Brandon Boyd*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FEDEARL TRADE COMMISSION; and STATE OF NEVADA,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL MARKETS LIVE INC.; IMMASTERY ACADEMY LTD.; ASSIDUOUS, INC.; GLOBAL DYNASTY NETWORK, LLC.; CHRISTOPHER TERRY; ISIS TERRY; JASON BROWN; ALEX MORTON; MATTHEW ROSA; and BRANDON BOYD,<br><br>Defendants. | Case No. 2:25-CV-00760-CDS-NJK<br><br>**DEFENDANT BRANDON BOYD'S REPLY IN SUPPORT OF MOTION FOR RULE 16 CONFERENCE CONCERNING BRIEFING, SCHEDULING, AND DISCOVERY ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Defendant Brandon Boyd ("Mr. Boyd"), by and through counsel, hereby submits this reply memorandum in further support of his *Motion For Rule 16 Conference Concerning*

1712748

PAGE 1

*Briefing, Scheduling and Discovery* [ECF 53](the "**Motion**") which requests that the Court schedule a Rule 16 Conference as soon as practicable with counsel for all parties in this case to address scheduling matters related to briefing, limited and expedited discovery, and a hearing on Plaintiffs' Motion for Preliminary Injunction filed May 30, 2025 (ECF No. 42) ("**PI Motion**"). Given the massive and evidence-dense structure of the PI Motion, there is urgency to set a conference and determine a reasonable briefing and discovery schedule before the present deadline for a response, June 27, 2025, passes. This Reply is made and based upon the pleadings and papers on file here, the below Memorandum of Points and Authorities, and any oral argument this Court allows at the time of any hearing scheduled on the Motion.

DATED this 18th day of June 2025.

Respectfully submitted,
RAY QUINNEY & NEBEKER P.C.

*/s/ Jeffrey W. Shields*
Z. Ryan Pahnke
Nevada Bar No. 9641
Jeffrey W. Shields (*admitted pro hac vice*)

and

David J. Malley
Nevada Bar No. 8171

*Attorneys for Defendant Brandon Boyd*

1712748

# MEMORANDUM OF POINTS AND AUTHORITIES

### 1.     Plaintiffs Misinterpret Applicable State and Federal Law and Rules.

Through the Motion, Defendant Boyd reasonably seeks a conference with the Court to assist the parties in navigating the volume and complexity of the claims, parties, and evidence submitted by Plaintiffs in support of the PI Motion. Plaintiffs misinterpret state and federal law and rules applicable to conference requests when they state that both Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16 "focus on the use of such a conference to ensure that a case is not unduly delayed." (ECF 47, n. 4). However, timing is only *one* of five purposes for Rule 16 conferences. *See* Fed. R. Civ. P. 16(a)(1)-(5). The main purpose for the request in this case is for "improving the quality of the trial through more thorough preparation[.]" Fed. R. Civ. P. 16(a)(4). As stated in the Motion, the committee notes of this rule themselves state that "the quality of justice rendered in the federal courts by sharpening the preparation and presentation of cases, tending to eliminate trial surprise, and improving, as well as facilitating, the settlement process." Fed. R. Civ. P. 16 advisory committee note. "Without judicial guidance beginning *shortly* after institution, these cases often become mired in discovery." *Id.*[1] (emphasis added).

While the Plaintiffs take Mr. Boyd's request as a delay tactic, it is precisely the opposite. Mr. Boyd's position is that the Court order the parties to convene to set fair and efficient deadlines for both briefing the PI Motion and a discovery schedule[2]. Early discovery is appropriate in cases requesting preliminary injunctive relief. *See Radio Sys. Corp. v. Sunbeam Prods., Inc.,* No. 3:12-CV-648, 2013 WL 416295, at *2 (E.D. Tenn. Jan. 30, 2013) ("Discovery

---

[1] *See also* Moore's Federal Practice at § 16.36[3][c] ("Addressing these matters assertively early in the pretrial period… [is] essential to coherent case development planning, and can avoid the delays and the wasteful repetition of discovery events that are often occasioned by amendments made later in the pretrial period.")

[2] The parties held a Rule 26(f) conference, and as of the date of this Reply, a draft 26(f) report has been circulated for review and approval by the parties.

1712748

can begin earlier…by local rule, order, or stipulation…appropriate in some cases, such as those involving requests for a preliminary injunction[.]") (quoting *S.E.C. v. Wilson*, 2012 WL 5874456 (E.D.Mich.Nov.20, 2012) (granting leave to schedule discovery where a preliminary injunction was pending)); *see also Intrepid Automation, Inc. v. v. 3D Sys. Corp.,* 2025 WL 712652, *1--*4 (S.D. Cal. 2025) (concluding that there was good cause for expedited discovery in a patent case where preliminary injunction motions are often pursued) (quoting *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011) ("In determining whether good cause justifies expedited discovery, court commonly consider factors including: (1) whether a preliminary injunction is pending . . . "(3) the purpose for requesting the expedited discovery . . . .")); *Tenn. Guardrail, Inc. v. Tenn. Dept. of Transp.*, 2011 WL 5153086, at *4-5 (M.D.Tenn. Oct.28, 2011) (ordering discovery to take place in advance of the preliminary injunction hearing). Though a preliminary injunction is not necessarily a formal trial, this PI Motion will be an evidentiary hearing and there are multiple witnesses, hundreds of exhibits, and expert testimony being presented. Preliminary injunctions often concern the main and ultimate issues of a case and can result in establishment of law of the case. As such, early discovery, and careful preparation of a response to the PI Motion and for an evidentiary hearing on it, are necessary for this preliminary injunction proceeding so as to not prejudice defendants' ability to ultimately try the case.

Plaintiffs are in error stating that a showing of "good cause" is needed for a Rule 16 conference. (ECF 57 at 4) ("Moving Defendants fail to provide good cause for why the Delay Motions should be granted.")). "A scheduling conference may be requested either by the judge, a magistrate when authorized by district court rule, or a party within 120 days after the summons and complaint are filed." Fed. R. Civ. P. 16 advisory committee's note. Good cause is required

1712748

only for *modifying* schedules already in place, not for a request for a Rule 16 conference. Fed. R. Civ. P. 16(b)(4). The law is clear that Rule 16 functions as a helpful tool for parties and the Court to maintain control of cases early on and ensure that it is managed effectively throughout the pretrial process. The very purpose of Rule 16 is to supervise complex cases.

**2.    A Rule 16 Conference Is Necessary to Facilitate This Case.**

This is the type of case that particularly benefits from a Rule 16 conference to facilitate and manage the positions of the parties on expedited discovery, briefing, and the hearing on the PI Motion. The FTC began its investigation three years ago and Mr. Boyd has not had time for discovery, to retain his own experts, and to review the thousands of paged submitted with the PI Motion. Time and discovery are necessary to permit Mr. Boyd to prepare a response to the PI Motion and prepare for an evidentiary hearing on the PI Motion.

Plaintiffs report that through stipulation, they already gave Defendants a 14-day extension to respond to the PI Motion. (ECF 57). Plaintiffs fail to mention that the extension given was far less than requested. It is grossly inadequate under the circumstances. The stipulation specifically provides a process for requesting additional enlargements of time. Plaintiffs also rely on the misguided notion that Mr. Boyd's arguments are defeated by the fact that "most of that evidence comes directly from the Moving Defendants' own files[.]" (EFC 57 at4). The mere fact that the PI Motion and supporting material is derived from evidence produced by the defendants in the investigative stage of this matter does not change the fact that defendants need and are entitled to evaluate and take discovery on how the evidence is being used and presented. Mr. Boyd has the right to evaluate the veracity of the declarants' statements and determine the circumstances under which they were given.. For example, the fact that the

1712748

FTC's experts, particularly Mr. Isaacson[3], relied on information Defendants provided in the investigative stage of the case does not dilute Defendants' rights under Rule 26(a)(2) to rebut the opinion, and test conclusions drawn from, that evidence, and to test Isaacson's qualifications to testify at all on the subjects of his report.[4].

Finally, Plaintiffs' statement about giving Defendants draft complaints over a period shows only that they could have brought this action much earlier and chose not to do so. This further diminishes any claims of urgency in their PI Motion and undermines their arguments against giving reasonable extensions to Defendants to oppose the immense PI Motion. There are no new facts in this case other than the closure of the corporate defendants. .There is no need for expedition, and Plaintiffs have shown there is <u>not</u> a viable concern about possible continuing violations. For example, if Mr. Boyd intended to conceal assets in reaction to an FTC investigation, he would have done so long before now, having been made aware of the investigation nearly two years ago. He has done nothing of the kind.

## **CONCLUSION**

Defendant Brandon Boyd requests that the Court schedule a Rule 16 conference with the parties as soon as practicable, but in all events prior to the current deadline to respond to the PI Motion (June 27, 2025) to address all aspects of the PI Motion, including the schedule for briefing the motion, expedited discovery directed to probable opposing witnesses in the hearing

---

[3] Mr. Boyd specifically objects to the three declarations submitted by Plaintiffs in the Memorandum in Opposition as inadmissible hearsay. (EFC 57-1, 57-2, and 57-3). Plaintiffs' declarations and the contents therein are out of court statements offered to prove the truth of the matter asserted in those statements, and as a result, constitute inadmissible hearsay. Such inadmissible hearsay is inappropriate in this instance to oppose a request to schedule a Rule 16 conference with the Court.

[4] Mr. Boyd also does not have possession of what other Defendants in this case produced in the investigative stage of this matter, nor to his knowledge, do the other Defendants have what he produced previously.

1712748

as well as discovery and rebuttal of expert reports to support the PI Motion, and a schedule for an evidentiary hearing on the PI Motion.

DATED this 18th day of June 2025.

Respectfully submitted,
RAY QUINNEY & NEBEKER P.C.

/s/ Jeffrey W. Shields
Z. Ryan Pahnke
Nevada Bar No. 9641
Jeffrey W. Shields (*admitted pro hac vice*)

and

David J. Malley
Nevada Bar No. 8171

*Attorneys for Defendant Brandon Boyd*

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June 2025, I electronically filed with the Court's CM/ECF Program the foregoing **DEFENDANT BRANDON BOYD'S REPLY IN SUPPORT OF MOTION FOR RULE 16 CONFERENCE CONCERNING BRIEFING, SCHEDULING, AND DISCOVERY ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** which sent email notification of such to all counsel of record as follows:

| | |
|---|---|
| Thomas M. Biesty | Aaron D. Ford |
| Laura C. Basford | Ernest D. Figueroa |
| J. Ronald Brooke, Jr. | Lucas J. Tucker |
| Joshua A. Doan | Samantha B. Feeley |
| Federal Trade Commission | STATE OF NEVADA, OFFICE OF |
| 600 Pennsylvania Ave., NW, CC-6316 | ATTORNEY GENERAL |
| Washington, DC 20580 | BUREAU OF CONSUMER PROTECTION |
| tbiesty@ftc.gov | 8945 W. Russell Road, #204 |
| lbasford@ftc.gov | Las Vegas, NV 89148 |
| jbrooke@ftc.gov | efigueroa@ag.nv.gov |
| jdoan@ftc.gov | ltucker@ag.nv.gov |
| *Attorneys for Federal Trade Commission* | sfeeley@ag.nv.gov |
| | *Attorneys for State of Nevada* |

1712748

Phillip A. Silvestri
GREENSPOON MARDER, PA
3993 Howard Hughes Pkwy., Suite 400
Las Vegas, NV 89169
phillip.silvestri@gmlaw.com
*Attorneys for Global Dynasty Network, LLC, Jason Brown, Matthew Rosa*

Alina Veneziano
OBERHEIDEN P.C.
11035 Lavender Hill Dr. Ste. 160, #246
Las Vegas, NV 89135
702-209-7570
alina@federal-lawyer.com
*Attorneys for Alex Morton*

Lars K. Evensen
Jenapher Lin
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
levenson@hollandhart.com
jlin@hollandhart.com
*Attorneys for International Markets Live, Inc., IM Mastery Academy, Ltd. Christopher Terry and Isis Terry*

RAY QUINNEY & NEBEKER P.C.

By: *Jeffrey W. Shields*
     *Attorneys for Defendant Brandon Boyd*

1712748