# ATTACHMENT A – SECOND DECLARATION OF J. RONALD BROOKE, JR.

**SECOND DECLARATION OF J. RONALD BROOKE, JR.**

**Pursuant to 28 U.S.C. § 1746**

I, J. Ronald Brooke, Jr., have personal knowledge of the facts and matters set forth below. If called as a witness, I could and would testify as follows:

1.       I am a citizen of the United States and am over the age of eighteen. I am employed as an Attorney for the Federal Trade Commission ("FTC" or "Commission") in the Division of Marketing Practices, Bureau of Consumer Protection. The Division of Marketing Practices investigates persons and entities that may be violating the FTC Act and other laws enforced by the FTC. My office address is 600 Pennsylvania Avenue, NW, Washington, DC 20580. I am one of the attorneys assigned to the International Markets Live matter. *FTC, et al., v. International Markets Live, Inc., et al.,* No. 2:25-cv-00760-CDS-NJK (D. Nev.)

2.       Before the FTC and the State of Nevada filed this civil law enforcement action, International Markets Live, Inc., also d/b/a iMarketsLive, IM Mastery Academy, and IM Academy ("IML"), IM Mastery Academy Ltd., f/k/a International Markets Live Ltd., Assiduous, Inc., Christopher "Chris" Terry, and Isis Terry, a/k/a Isis de la Torre, (the "IML Defendants") were all the subjects of a Commission nonpublic inquiry to determine if they had engaged in deceptive or unfair acts or practices in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, as amended; or any other statutes or rules enforced by the Commission.

3.       In this matter, the Director of the FTC's Bureau of Consumer Protection authorized staff to engage in pre-filing consent process negotiations with the Defendants in this action. Consent process negotiations involve efforts to negotiate a settlement between the Commission and a company or individual regarding alleged violations of law, prior to the commencement of a civil law enforcement action.

4.       On October 18, 2024, the FTC sent counsel for the IML Defendants several documents via email, including a letter dated that same day. The FTC's letter, among other

1

things, apprised the IML Defendants that they "could face a substantial monetary judgment," and requested that the IML Defendants:

> take all steps necessary to preserve their assets, and refrain from transferring, liquidating, converting, encumbering, pledging, loaning, selling, dissipating, disbursing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, or other assets, outside of the ordinary course of business.

A true and correct copy of the FTC's October 18, 2024 letter is attached to this declaration as **Exhibit 1.**

5.      On July 1, 2025, the FTC issued a subpoena to First Security Bank of Nevada ("FSBN") for documents related to the IML Defendants. On or about July 10, 2025, FSBN produced documents, including financial statements and supporting documentation for depository accounts held by, or otherwise related to, the IML Defendants.

6.      Among other things, FSBN produced: (1) IML and Assiduous FSBN account statements showing that funds in those accounts had fallen to about $65,000 in total on June 30, 2025; and (2) a June 18, 2025 text exchange with an employee of FSBN, in which Defendant Chris Terry claimed to have sold multiple real estate properties over the last week, and to be in the process of selling another larger property.

7.      On July 22, 2025, Plaintiffs' counsel met virtually with counsel for the IML Defendants. During the meeting, Plaintiffs noted their intention of providing redress to IML's consumers and raised concerns about the state of IML and Assiduous' current assets and recent transactions made by Chris Terry that included his apparent sale of real estate.

8.      On July 23, 2025, as discussed by the parties during the July 22 meeting, Plaintiffs' counsel sent counsel for the IML Defendants an informal request (via email) listing Plaintiffs' counsel's questions about the IML Defendants' assets. Plaintiffs' counsel attached a

2

copy of Chris Terry's June 18, 2025 text exchange to the July 23 request. A true and correct copy of the July 23 request, including that June 18, 2025 text exchange is attached to this declaration as **Exhibit 2**.

9.         On July 25, 2025, counsel for the IML Defendants replied via email stating, "[a]fter thinking on it, I think a "formal" request rather than in informal request is more appropriate." A true and correct copy of the IML Defendants' July 25 reply is attached to this declaration as **Exhibit 3**.

10.        On July 30, 2025, I became aware that on July 18, 2025, Isis Terry and Terra Firma Development, LLC, a company owned by the Terrys and in the business of designing and building residential properties, was sued by Terra Firma Development's landlord, Brentwood Green Valley, LLC, for back rents and other expenses. *Brentwood Green Valley, LLC, et al. v. Terra Firma Development, LLC, Isis De la Torre, et al.* (Case No. A-25-923538-C, Dist. Ct., Clark County Nev. July 18, 2025).

11.        According to the complaint in *Brentwood*, Terra Firma Development recently stopped paying rent and unexpectedly abandoned three leased commercial properties, including one property that Isis Terry signed the lease as a guarantor of, in violation of the lease agreements. Counsel for the IML Defendants and Terra Firma Development's registered agent, Preston Sterling Kerr, was served with the *Brentwood* complaint on or about July 22, 2025. A true and correct copy of the *Brentwood* complaint and the proof of service are attached to this declaration as **Exhibit 4**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 5, 2025, in Washington, DC.

*s/ J. Ronald Brooke, Jr.*
J. RONALD BROOKE, JR.

# Exhibit 1



UNITED STATES OF AMERICA

FEDERAL TRADE COMMISSION

WASHINGTON, D.C. 20580

Thomas M. Biesty
Division of Marketing Practices
Bureau of Consumer Protection
Direct: (202) 326-3043
Email:tbiesty@ftc.gov

October 18, 2024

**VIA EMAIL**

International Markets Live, Inc.;
Christopher Terry; and Isis Terry, f/k/a Isis De La Torre
c/o Edward D. Burbach, Esq.
Foley & Lardner
3000 One American Center, 600 Congress Ave.
Austin, TX  78701-3056
eburbach@foley.com

Re: Consent Authority in FTC Matter No. 2123090

Dear Counsel:

    As you know, Federal Trade Commission staff have been investigating whether your clients, International Markets Live, Inc. ("IML"); Christopher Terry; and Isis Terry, f/k/a Isis De La Torre (collectively, "IML/Terrys"), have engaged in violations of the FTC Act, 15 U.S.C. § 45, and other laws enforced by the FTC, by engaging in deceptive or unfair acts or practices in connection with the marketing of IML's investment training scheme and business opportunity. Please find attached a proposed federal court complaint pertaining to IML/Terrys and other identified parties' violations of Section 5 of the FTC Act, the Telemarketing Sales Rule, Restore Online Shoppers' Confidence Act, and Sections 598.0915(5) and 598.0923(1)(c) of the Nevada Revised Statutes, and of prior Commission determinations of unfair or deceptive practices. The State of Nevada is a co-plaintiff. The proposed complaint names, in addition to IML and the Terrys, Assiduous Inc. and IM Mastery Academy Ltd. as defendants (collectively, "Terry Parties"). IML has stated in its interrogatory responses that both entities are "affiliates" of IML. Please confirm that you also represent Assiduous and IM Mastery Academy Ltd. or provide us with contact information for counsel for those companies.

    The FTC's Bureau of Consumer Protection's Director has granted FTC  staff authority to seek to resolve this matter through consent negotiations as an alternative to litigation. Staff from the Nevada Attorney General's office also have authority to engage in consent negotiations along with FTC staff. In addition to the proposed complaint, we also attach a proposed stipulated order. We have also attached a proposed tolling agreement for your clients. We request that your clients return the executed tolling agreement to us by no later than **4 PM EDT October 22, 2024**.[1]

---

[1] As noted by the Director of the FTC's Bureau of Consumer Protection, in a February 20, 2024 FTC Business Blog post, if a party declines to execute a tolling agreement, "Bureau management and staff will take this into account." Specifically, as here, where the Bureau may be recommending that the Commission authorize the filing of a complaint, "Commissioners may decline to take meetings with parties if such meetings would impair the agency's ability to

In order to facilitate productive consent negotiations, attached are financial disclosure statement forms for your clients to complete, sign, and return to us by no later than **4 PM EDT October 25, 2024**.  As noted in the instructions to the financial disclosure statement forms, your clients should list all digital assets which they hold or of which they are the beneficial owner(s).

Based on the information we have obtained and reviewed to date, it appears that the Terry Parties could face a substantial monetary judgment if it is determined that they have violated the Telemarketing Sales Rule, Restore Online Shoppers' Confidence Act, Sections 598.0915(5) or 598.0923(1)(c) of the Nevada Revised Statutes, or engaged in acts or practices that the Commission has previously determined to be unfair or deceptive, in connection with the sale and marketing of IML's goods and services.  Accordingly, we request that the Terry Parties take all steps necessary to preserve their assets, and refrain from transferring, liquidating, converting, encumbering, pledging, loaning, selling, dissipating, disbursing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, or other assets, outside of the ordinary course of business.

Finally, the authority granted to FTC staff  by the Bureau Director to enter into a proposed settlement **expires on November 18, 2024,** and any proposed settlement must be voted upon by the Commission.  Please call me at (202) 326-3043 as soon as practicable so that we can discuss next steps and any questions you might have about this matter.

Sincerely,

s/ *Thomas M. Biesty*
Thomas M. Biesty

Enclosures

CC:    Megan Chester, mxchester@foley.com
Rob Johnson, rjohnson@foley.com
Lucas J. Tucker, ltucker@ag.nv.gov
Samantha B. Feeley, sfeeley@ag.nv.gov
Anthony J. Walsh, ajwalsh@ag.nv.gov
Laura Basford, lbasford@ftc.gov
Ron Brooke, jbrooke@ftc.gov

---

protect the public."  Available at *https://www.ftc.gov/business-guidance/blog/2024/02/tolling-agreements-win-win-parties-public.*

# Exhibit 2

| From: | Brooke, J. Ronnie |
|---|---|
| To: | LKEvensen@hollandhart.com; Jenapher Lin; Biesty, Thomas; Doan, Josh; LucusTucker-contact; SamanthaFeeley-contact; Anthony J. Walsh; sterling@kerrsimpsonlaw.com; Basford, Laura |
| Subject: | IML/Terrys - Follow Up to Yesterdays" Call and Informal Request |
| Date: | Wednesday, July 23, 2025 11:24:00 AM |
| Attachments: | FSBNV Produced Text Chain.#2 - Christopher Terry (Redacted).pdf |

Jenapher, Lars, and Sterling,

Thank you for speaking with us yesterday about some of our concerns about your clients' bank accounts and other assets and accepting our informal request.

Please respond to the questions listed below by 5 PM EDT Friday, July 25, 2025.

1. As we noted, there appears to be about $63,000 total in the First Security Bank of Nevada accounts in the names of IML (Account No. ending in 8205) and Assiduous (Account No. ending in 0798).  Do IML, Assiduous, or IM Mastery Academy, Ltd. ("IML Corporate Defendants") have any other accounts at financial institutions, and if so, what are their current balances?

2. Also, as we mentioned, based on IML's 2023 tax return (IML_1891375), at the end of 2023 IML held $35.8 million in cryptocurrency and had about $4,000,000 in vehicles.

   a. IML's previous counsel told us that IML no longer had the $35.8 million in cryptocurrency.  Could you please identify who the cryptocurrency was transferred to, and when?  Also, do the IML Corporate Defendants hold cryptocurrency in any form? If so, please identify the location of the cryptocurrency, the denomination(s), and its value in USD.

   b. Does IML still own about $4,000,000 in vehicles as referenced in IML's 2023 tax return (IML_1891375)?

3. Please provide a list of the real properties Chris Terry discusses selling in his June 18, 2025 text exchange with an employee of First Security Bank of Nevada, including identifying the entities that owned the properties, the amount of proceeds from the sales, and where those proceeds are currently.  The June 18, 2025 text exchange is attached as a courtesy, in response to your informal request.

4. Finally, we appreciate Sterling's clarification that the March 13, 2025 transfer of $1,884,693.39 to Terra Firma Development's First Security Bank of Nevada account from his firm's account for "Ignite Proceeds" were loan proceeds related to a real estate transaction and not related to any product or service offered for sale by IML.  Could you please identify what was used as collateral to secure the loan?

Feel free to contact us if you have any questions.  Thanks again,

Ron Brooke
Division of Marketing Practices
Bureau of Consumer Protection
600 Pennsylvania Ave., Mailstop CC-8528
Washington, DC 20580
Direct: (202) 326-3484

Fax: (202) 326-3395

**Carolyn Crockett**

| | |
|---|---|
| **From:** | Carolyn Crockett ▬ |
| **Sent:** | Tuesday, July 8, 2025 11.52 AM |
| **To:** | Carolyn Crockett |
| **Subject:** | Screenshot 2025-07-08 at 11.30.50 AM |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.



11:30

**CT**
**Chris**

Wed, Jun 18 at 8:11 AM

Hello Chris, it's Carolyn Crockett with First Security Bank. Hope you are doing well. I'm reaching out because the loan payment for Terra Firma is past due and there are not enough funds in the account to cover the payment. Can you please take care of this today? A late charge will be assessed on Friday if not made by then. Thank you – please give me a call if any questions.

Wed, Jun 18 at 9:23 AM

So I'll have the punch transferred over how much

I just closed three properties I have two more this week. And I have another one another month the bigger one. I just haven't placed the money from another trust where the money came to.

It's short about $1,000 right now

+     iMessage

Sent from my iPhone

1

11

## Carolyn Crockett

| | |
|---|---|
| **From:** | Carolyn Crockett < ██████ |
| **Sent:** | Tuesday, July 8, 20██ ████████ |
| **To:** | Carolyn Crockett |
| **Subject:** | Screenshot 2025-07-08 at 11.31.59 AM |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.



Sent from my iPhone

## Carolyn Crockett

| | |
|---|---|
| **From:** | Carolyn Crockett ▪ |
| **Sent:** | Tuesday, July 8, 20▪▪ 11.33 AM |
| **To:** | Carolyn Crockett |
| **Subject:** | Screenshot 2025-07-08 at 11.32.39 AM |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.



Sent from my iPhone

13

## Carolyn Crockett

| | |
|---|---|
| **From:** | Carolyn Crockett |
| **Sent:** | Tuesday, July 8, 2025 11:34 AM |
| **To:** | Carolyn Crockett |
| **Subject:** | Screenshot 2025-07-08 at 11.33.19 AM |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.



Sent from my iPhone

14

**Carolyn Crockett**

| | |
|---|---|
| **From:** | Carolyn Crockett |
| **Sent:** | Tuesday, July 8, 2█ |
| **To:** | Carolyn Crockett |
| **Subject:** | Screenshot 2025-07-08 at 11.33.55 AM |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.



Sent from my iPhone

1

**11:40**  .ıl 🛜 91

‹ ③    CT

Chris ›    ▢

~~Let me check~~

Ok

Sterling sent. From Wells Fargo however I'm not sure if it hit yet.



Yes, we received $200k wire. Will go ahead and take the loan payment. Thank you.., have a good weekend!

Read 6/20/25

Thank u

+    iMessage    🎤

**Exhibit 3**

| From: | Lars Evensen |
|---|---|
| To: | Brooke, J. Ronnie; Biesty, Thomas; Doan, Josh; LucusTucker-contact; SamanthaFeeley-contact; Anthony J. Walsh; Basford, Laura |
| Cc: | sterling@kerrsimpsonlaw.com; Jenapher Lin; Michelle R. Willoughby; Tiffany L. Pond |
| Subject: | RE: IML/Terrys - Follow Up to Yesterdays" Call and Informal Request |
| Date: | Friday, July 25, 2025 3:34:14 PM |
| Attachments: | image001.png |

Ronnie –

Thank you for your email below.

After thinking on it, I think a "formal" request rather than in informal request is more appropriate.


Sincerely



**Lars Evensen**
Partner

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor, Las Vegas, NV 89134
lkevensen@hollandhart.com | **T:** 702-222-2500  |  **M:** 702-325-1618

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this email.

**From:** Brooke, J. Ronnie <JBROOKE@ftc.gov>
**Sent:** Wednesday, July 23, 2025 8:25 AM
**To:** Lars Evensen <LKEvensen@hollandhart.com>; Jenapher Lin <JLin@hollandhart.com>; Biesty, Thomas <tbiesty@ftc.gov>; Doan, Josh <jdoan@ftc.gov>; LucusTucker-contact <LTucker@ag.nv.gov>; SamanthaFeeley-contact <SFeeley@ag.nv.gov>; Anthony J. Walsh <ajwalsh@ag.nv.gov>; sterling@kerrsimpsonlaw.com; Basford, Laura <lbasford@ftc.gov>
**Subject:** IML/Terrys - Follow Up to Yesterdays' Call and Informal Request

**External Email**

Jenapher, Lars, and Sterling,

Thank you for speaking with us yesterday about some of our concerns about your clients' bank accounts and other assets and accepting our informal request.

Please respond to the questions listed below by 5 PM EDT Friday, July 25, 2025.

1. As we noted, there appears to be about $63,000 total in the First Security Bank of Nevada accounts in the names of IML (Account No. ending in 8205) and Assiduous (Account No. ending in 0798).  Do IML, Assiduous, or IM Mastery Academy, Ltd. ("IML Corporate Defendants") have any other accounts at financial institutions, and if so, what are their current balances?
2. Also, as we mentioned, based on IML's 2023 tax return (IML_1891375), at the end of 2023 IML held

18

$35.8 million in cryptocurrency and had about $4,000,000 in vehicles.

    a. IML's previous counsel told us that IML no longer had the $35.8 million in cryptocurrency. Could you please identify who the cryptocurrency was transferred to, and when?  Also, do the IML Corporate Defendants hold cryptocurrency in any form? If so, please identify the location of the cryptocurrency, the denomination(s), and its value in USD.

    b. Does IML still own about $4,000,000 in vehicles as referenced in IML's 2023 tax return (IML_1891375)?

3. Please provide a list of the real properties Chris Terry discusses selling in his June 18, 2025 text exchange with an employee of First Security Bank of Nevada, including identifying the entities that owned the properties, the amount of proceeds from the sales, and where those proceeds are currently.  The June 18, 2025 text exchange is attached as a courtesy, in response to your informal request.

4. Finally, we appreciate Sterling's clarification that the March 13, 2025 transfer of $1,884,693.39 to Terra Firma Development's First Security Bank of Nevada account from his firm's account for "Ignite Proceeds" were loan proceeds related to a real estate transaction and not related to any product or service offered for sale by IML.  Could you please identify what was used as collateral to secure the loan?

Feel free to contact us if you have any questions.  Thanks again,

Ron Brooke
Division of Marketing Practices
Bureau of Consumer Protection
600 Pennsylvania Ave., Mailstop CC-8528
Washington, DC 20580
Direct: (202) 326-3484
Fax: (202) 326-3395

**Exhibit 4**

Electronically Filed
7/18/2025 12:46 PM
Steven D. Grierson
CLERK OF THE COURT

David R. Koch (NV Bar No. 9930)
dkoch@kskdlaw.com
Steven B. Scow (NV Bar No. 9906)
sscow@kskdlaw.com
Daniel G. Scow (NV Bar No. 14614)
dscow@kskdlaw.com
KING SCOW KOCH DURHAM LLC
11500 S. Eastern Ave., Suite 210
Henderson, Nevada 89052
Telephone: (702) 833-1100
Facsimile: (702) 833-1107
*Attorneys for Plaintiffs*

CASE NO: A-25-923538-C
Department 24

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BRENTWOOD GREEN VALLEY LLC, a Nevada limited liability company; and BRENTWOOD GREEN VALLEY 2 LLC, a Nevada limited liability company; <br><br> Plaintiffs, <br><br> v. <br><br> TERRA FIRMA DEVELOPMENT, LLC, a Nevada limited liability company; ISIS DE LA TORRE, an individual; and DOES 1 through 10, inclusive; <br><br> Defendants. | Case No. <br> Dept. <br><br> **COMPLAINT FOR:** <br> **(1) BREACH OF CONTRACT;** <br> **(2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;** <br> **(3) MONEY DUE & OWING; and** <br> **(4) DECLARATORY RELIEF** <br><br> EXEMPT FROM ARBITRATION: ACTION SEEKS DECLARATORY RELIEF |

Comes now Plaintiffs Brentwood Green Valley LLC and Brentwood Green Valley 2 LLC (collectively, "Brentwood" or "Landlord"), by and through counsel, the law firm King Scow Koch Durham LLC, and complains in this matter against Defendants Terra Firma Development, LLC ("Terra Firma"), Isis de la Torre ("de la Torre") and Does 1-10 (collectively referred to herein as "Defendants"), alleging as follows:

1

**THE PARTIES**

1.      Plaintiff Brentwood Green Valley LLC is a Nevada limited liability company doing business in Clark County Nevada.

2.      Plaintiff Brentwood Green Valley 2 LLC is a Nevada limited liability company doing business in Clark County Nevada.

3.      Brentwood is informed and believes, and on that basis alleges, that Defendant Terra Firma Development, LLC is a Nevada limited liability company doing business in Clark County, Nevada.

4.      Brentwood is informed and believes, and on that basis alleges, that Defendant Isis de la Torre is an individual residing and/or doing business in Clark County, Nevada.

5.      The fictitious defendants Does 1-10 herein are sued pursuant to the provisions of Nevada Rule of Civil Procedure 10(a). Brentwood is informed and believes and upon that basis alleges that each fictitious defendant was in some way responsible for, participated in or contributed to the matters and things for which it complains herein, and in some fashion has legal responsibility therefor.  Any reference to any named defendant shall include the fictitious defendants, both jointly and severally.  Terra Firma and de la Torre, together with the Doe defendants are sometimes referred to collectively herein as "Defendants."

**VENUE AND JURISDICTION**

6.      Venue and jurisdiction are proper with this Court because (i) the contract between the parties states that courts in Clark County, Nevada have exclusive jurisdiction, (ii) the acts and transactions at issue in this case all took place in Clark County, Nevada, (iii) the Defendants do business in Clark County, and (iv) the damages alleged herein exceed $15,000.

**GENERAL ALLEGATIONS**

7.      Brentwood is the owner of various commercial real properties located in Henderson, Nevada.

**Lease 1 – the 1301 Property**

8.      On or about March 2, 2021, Brentwood entered into a lease agreement ("Lease 1"), with Terra Firma, under which Terra Firma agreed to lease the premises located at 1301 North

2

Green Valley Parkway, Ste. 120, Henderson, Nevada 89074 (the "1301 Property"), according to the terms and conditions of Lease 1 with said lease to expire on September 30, 2026.

9.      Defendants took possession of the 1301 Property, and Brentwood provided Defendants with a substantial tenant improvement allowance.

10.     Lease 1, along with any amendments, included terms and conditions including but not limited to the payment of rent, common area maintenance/operating expenses, late fees on any amount due and owing, and attorneys' fees and costs associated with having to enforce Lease 1.

11.     De la Torre signed a Guaranty of Lease 1 (the "Guaranty"), thereby guaranteeing all amounts under Lease 1.

12.     Regardless of Brentwood's attempts to work with the Defendants, Defendants have failed to meet the obligations required according to the terms of Lease 1 and the Guaranty, including without limitation, failing to pay the required monthly rent, late fees, and common area maintenance expenses, all of which caused Brentwood damages in an amount exceeding $15,000.

13.     Moreover, Defendants vacated the 1301 Property prior to expiration.

14.     In addition to the above damages, as a result of Defendants breaching Lease 1 and the Guaranty, Brentwood has been forced to incur costs to repair and attempt to re-let the 1301 Property.

15.     Brentwood has been required to retain the services of an attorney to prosecute this action on its behalf.

**Lease 2 – the 1401 Property**

16.     On or about March 17, 2023, Brentwood entered into a lease agreement ("Lease 2") with Terra Firma for the premises located at 1401 North Green Valley Parkway, Ste. 200 & 230, Henderson, Nevada 89074 (the "1401 Property"), under which Terra Firma agreed to lease the 1401 Property according to the terms and conditions of Lease 2 with said lease to expire on September 30, 2028.

17.     Defendants took possession of the 1401 Property.

18.    Lease 2, along with any amendments, included terms and conditions including but not limited to the payment of rent, common area maintenance/operating expenses, late fees on any amount due and owing, and attorneys' fees and costs associated with having to enforce Lease 2.

19.    Regardless of Brentwood's attempts to work with the Defendants, Defendants have failed to meet the obligations required according to the terms of Lease 2, including without limitation, failing to pay the required monthly rent, late fees, and common area maintenance expenses, all of which caused Brentwood damages in an amount exceeding $15,000.

20.    Moreover, Defendants vacated the 1401 Property prior to expiration.

21.    In addition to the above damages, as a result of Defendants breaching Lease 2, Brentwood has been forced to incur costs to repair and attempt to re-let the 1401 Property.

22.    Brentwood has been required to retain the services of an attorney to prosecute this action on its behalf.

**Lease 3- the 2250 Property**

23.    On or about March 17, 2023, Brentwood entered into a third lease ("Lease 3") with Terra Firma for the premises located at 2250 Corporate Circle, Ste. 300, Henderson, Nevada 89074 (the "2250 Property"), under which Terra Firma agreed to lease the 2250 Property according to the terms and conditions of Lease 3 with said lease to expire on May 31, 2028.

24.    Defendants took possession of the 2250 Property, and Brentwood provided Defendants with a substantial tenant improvement allowance.

25.    Lease 3, along with any amendments, included terms and conditions including but not limited to the payment of rent, common area maintenance/operating expenses, late fees on any amount due and owing, and attorneys' fees and costs associated with having to enforce Lease 3.

26.    Regardless of Brentwood's attempts to work with the Defendants, Defendants have failed to meet the obligations required according to the terms of Lease 3, including without limitation, failing to pay the required monthly rent, late fees, and common area maintenance expenses, all of which caused Brentwood damages in an amount exceeding $15,000.

4

27.    Moreover, Defendants vacated the 2250 Property prior to expiration.

28.    In addition to the above damages, as a result of Defendants breaching Lease 3, Brentwood has been forced to incur costs to repair and attempt to re-let the 2250 Property.

29.    Brentwood has been required to retain the services of an attorney to prosecute this action on its behalf.

## FIRST CAUSE OF ACTION

### Breach of Contract

30.    Brentwood repeats and realleges all previous allegations as if fully set forth herein.

31.    Lease 1, Lease 2, and Lease 3 (collectively, the "Leases") and the Guaranty constitute valid and binding contracts (collectively, the "Agreements").

32.    Terra Firma has failed to make payments on its obligations to Brentwood under the terms of the Leases, and Terra Firma has abandoned the underlying properties.

33.    De la Torre has failed to make payments on her obligations to Brentwood under the terms of the Guaranty.

34.    These failed obligations constitute breaches of the Agreements with Brentwood.

35.    Brentwood fulfilled all of the obligations required of it in connection with the Agreements.

36.    As a direct and proximate result of the breaches, Brentwood has been damaged in an amount exceeding $15,000.00.

37.    The Agreements provide for the award of attorney's fees incurred to enforce the terms thereof.  Brentwood has been required to retain the services of an attorney to file and prosecute this action and has thereby been damaged and continues to incur damages.

## SECOND CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

38.    Brentwood repeats and realleges all previous allegations as if fully set forth herein.

39.    The Agreements constitute valid and binding contracts.

5

40.     Every contract in Nevada imposes upon the contracting parties a duty of good faith and fair dealing.

41.     Brentwood has performed its obligations under the Agreements.

42.     Defendants breached their duties of good faith and fair dealing by failing to pay the outstanding amounts due under the Agreements, which failure is unfaithful to the purpose of the Agreements.

43.     As a direct and proximate result of the breach, Brentwood has been damaged in an amount exceeding $15,000.00.

44.     Brentwood has been required to retain the services of an attorney to file and prosecute this action and has thereby been damaged.

### THIRD CAUSE OF ACTION

**Money Due & Owing**

45.     Brentwood repeats and realleges all previous allegations as if fully set forth herein.

46.     Defendants have become indebted to Brentwood for money due under the Agreements, for which Defendants agreed to pay.

47.     Brentwood has demanded payment from Defendants, but they have refused to pay.

48.     There is now due, owing, and unpaid from Defendants to Brentwood the sum of the outstanding amounts under the Agreements, which exceeds $15,000.00.

49.     Brentwood has been required to retain the services of an attorney to file and prosecute this action and has thereby been damaged.

### FOURTH CAUSE OF ACTION

**Declaratory Relief**

50.     Brentwood repeats and realleges all previous allegations as if fully set forth herein.

51.     There is presently a dispute between Brentwood and Defendants regarding Defendants' obligations under the Agreements.

6

52.   For the reasons articulated herein, Brentwood believes and contends that it is entitled to immediate payment of the outstanding amounts due under the Agreements by Defendants. Defendants seem to dispute this contention.

53.   Based upon this dispute, Brentwood seeks a judicial determination of Defendants' rights, obligations, and responsibilities under the Agreements. In particular, Brentwood seeks a judicial determination that it is entitled to immediate payment of the outstanding amounts due under the Agreements. The Court is authorized to grant such declaratory relief pursuant to Chapter 30 of the Nevada Revised Statutes

## PRAYER FOR RELIEF

WHEREFORE, Brentwood prays for judgment against Defendants as follows:

1.   For compensatory damages in excess of $15,000;

2.   For interest on all sums owed at the contractual and/or legal rate from the date of the filing of this Complaint;

3.   For a judicial determination of Defendants' obligations;

4.   For costs of suit, including reimbursement of Brentwood's reasonable attorney's fees; and

5.   For such other and further relief as this Court may deem to be fair, just, and appropriate.


Dated: July 18, 2025                              **KING SCOW KOCH DURHAM LLC**


                                  By:    /s/ Steven B. Scow
                                         Steven B. Scow
                                         *Attorneys for Plaintiffs Brentwood Green Valley LLC*
                                         *and Brentwood Green Valley 2 LLC*

7

**AOS**

Electronically Filed
7/22/2025 3:53 PM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| BRENTWOOD GREEN VALLEY LLC, A NEVADA LIMITED LIABILITY COMPANY; AND BRENTWOOD GREEN VALLEY 2 LLC, A NEVADA LIMITED LIABILITY COMPANY; | **Plaintiff** | |
| **vs** | | CASE NO: **A-25-923538-C** |
| TERRA FIRMA DEVELOPMENT, LLC, A NEVADA LIMITED LIABILITY COMPANY; ISIS DE LA TORRE, AN INDIVIDUAL; AND DOES 1 THROUGH 10, INCLUSIVE; | **Defendant** | HEARING DATE/TIME: DEPT NO: **DEPT. 24** |

## AFFIDAVIT OF SERVICE

GREGORY BROWN being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS, COMPLAINT, on the 22nd day of July, 2025 and served the same on the 22nd day of July, 2025, at 13:56 by:

serving the servee TERRA FIRMA DEVELOPMENT, LLC, C/O REGISTERED AGENT P. STERLING KERR by personally delivering and leaving a copy at (address) 2900 W. HORIZON RIDGE PKWY., STE, 200, HENDERSON NV 89052 with LIBERETY COOPER- LEGAL ASSIST, pursuant to NRS 14,020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

Pursuant to NRS 53.045

I declare under penalty of perjury under the law of the

State of Nevada that the foregoing is true and correct.

EXECUTED this __22__ day of ___Jul___ , __2025__.

**GREGORY BROWN**
**R-2020-14947**

Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068

EP303080 BRENTWOOD GREEN VALLEY

Copyright © 2018 Junes Legal Service, Inc. and Outside The Box

28