Thomas M. Biesty
NY Bar No. 4172896; (202) 326-3043; tbiesty@ftc.gov
Laura C. Basford
DC Bar No. 993645; (202) 326-2343; lbasford@ftc.gov
J. Ronald Brooke, Jr.
MD Bar No. 0202280002; (202) 326-3484; jbrooke@ftc.gov
Joshua A. Doan
DC Bar No. 490879; (202) 326-3187; jdoan@ftc.gov
600 Pennsylvania Ave., NW, CC-6316
Washington, DC 20580
Attorneys for Plaintiff Federal Trade Commission

Aaron D. Ford, Attorney General
Ernest D. Figueroa, Consumer Advocate
Lucas J. Tucker
NV Bar No. 10252; (702) 486-3256; ltucker@ag.nv.gov
Samantha B. Feeley
NV Bar No. 14034; (702) 486-3789; sfeeley@ag.nv.gov
State of Nevada, Office of the Attorney General
Bureau of Consumer Protection
8945 W. Russell Road, #204
Las Vegas, NV 89148
Attorneys for Plaintiff State of Nevada

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, and **STATE OF NEVADA**, <br><br>   Plaintiffs, <br><br> v. <br><br> **INTERNATIONAL MARKETS LIVE, INC.**, et al., <br><br>   Defendants. | Case No. 2:25-cv-00760-CDS-NJK <br><br> **JOINT STATUS REPORT OF THE PARTIES CONCERNING THE RECOMMENDATIONS TO MODIFY CERTAIN TIMELINES IN THE PRELIMINARY INJUNCTION ORDER ENTERED ON AUGUST 12, 2025. (ECF NO. 104)** |

1

Pursuant to the Court's oral instruction during its August 7, 2025 hearing, Plaintiffs Federal Trade Commission ("FTC") and the State of Nevada, and the IML Defendants,[1] through counsel, respectfully propose modifications to the Court's August 12, 2025 Preliminary Injunction Order (ECF No. 104) ("PI").

**Background**

At the conclusion of the August 7, 2025 hearing on Plaintiffs' Motion for a Preliminary Injunction, the Court noted that it intended to enter the proposed Preliminary Injunction Order and instructed the parties to (1) meet and confer on timelines in the proposed Preliminary Injunction Order related to provision of information to the Court-appointed Monitor and Expedited Discovery; and (2) provide the Court with their recommendations to modify those timelines by August 14, 2025.   On August 12, 2025, the Court entered the PI.

Counsel for Plaintiffs and the IML Defendants met and conferred virtually on August 12, 2025; and counsel for Plaintiffs and the IML Defendants and the Court-appointed Monitor met and conferred virtually on August 13, 2025.   Below are the Plaintiffs' and the IML Defendants' proposed modifications to certain timelines in the Preliminary Injunction Order (ECF No. 104).[2]

**Proposed Modifications**

| Section of the PI | Proposed Modifications |
|---|---|
| Section VIII Financial Disclosures Page 15, Ln. 12. | *Change* "within five (5) days" to "within eight (8) days."[3] |

---

[1] International Markets Live, Inc., also d/b/a IYOVIA, iMarketsLive, IM Mastery Academy, and IM Academy; IM Mastery Academy Ltd., f/k/a International Markets Live Ltd.; Assiduous, Inc.; Christopher Terry, a/k/a Chris Terry; and Isis Terry, f/k/a Isis De La Torre.
[2] Plaintiffs will supply Chambers with a copy of the Preliminary Injunction Order containing the recommended modifications and a redline of the same.
[3] References to "days" as proposed herein mean "calendar" days.

| | |
|---|---|
| Section IX Foreign Asset Disclosures Page 15, Ln. 21 | *Change* "within five days" to "within eight days." |
| Section XVI Provision of Information to Monitor Section XVI.D Page 22, Ln. 4. | *Change* "twelve (12) hours of the Monitor's request," to "twenty-four (24) hours of the Monitor's request." |
| Section XXII Expedited Discovery | |
| Section XXII.A Page 26, Ln. 24. | *Change* "Forty-eight (48) hours' notice shall be sufficient notice for such depositions," to "Five days' notice shall be sufficient, with no weekend or holiday depositions except to accommodate limited availability of the witness, …" |
| Section XXII.B Page 27 Ln. 6-7 | *Change* "within five (5) days of service" to "within eight (8) days of service." |
| Section XXII.B Page 27 Ln. 7-8 | *Delete* "provided, however, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format." |
| Section XXII.C Page 27 Ln. 9-10 | *Replace* "Plaintiffs and the Monitor may serve upon parties interrogatories that require response within five (5) days after Plaintiffs serve such interrogatories" with "Plaintiffs and the Monitor may serve upon parties up to five Interrogatories (total) in a five-day period that require response within five days after Plaintiffs or the Monitor serve such interrogatories." |
| Section XXII.D Page 27 Ln. 12 | *Change* "within five (5) days of service" to "within eight (8) days of service." |

| Section XXII.G Page 27 Ln. 19-20[4] | *Change* "and the Local Rules of this Court," to "but shall comply with the Local Rules of this Court." |
|---|---|
| Section XXII.G Page 27 Ln. 20 | *Replace second sentence in Paragraph G with either (competing language bolded):*<br><br>*Plaintiffs' Proposal:* "However, any Defendant or subpoena recipient **who does not intend to comply fully with** any expedited discovery requested by Plaintiffs or the Monitor shall engage in a meet and confer with whoever served the discovery request **no less than 3 days prior to the response date of the discovery in question**."<br><br>*IML Defendants' Proposal:* "However, any Defendant or subpoena recipient **with objections to** any expedited discovery requested by Plaintiffs or the Monitor shall engage in a meet and confer with whoever served the discovery request **on or before the response deadline**." |

WHEREFORE, Plaintiffs and the IML Defendants respectfully request that the Court make the proposed modifications to the Court's August 12, 2025 Preliminary Injunction Order.

Respectfully submitted,

Dated: August 14, 2025

By

AARON D. FORD
Attorney General

---

[4] While the Court did not specifically direct the Plaintiffs and the IML Defendants to meet and confer on this issue, the Court did note that it intended to follow the local rules as to discovery meet and confers. Thus, the Plaintiffs and the IML Defendants discussed "meet and confer" obligations, but came to an impasse as to the bolded language.

| | |
|---|---|
| ERNEST D. FIGUEORA<br>Consumer Advocate | |
| | /s/ *J. Ronald Brooke, Jr* |
| */s/ Lucas J. Tucker* | THOMAS M. BIESTY |
| LUCAS J. TUCKER (NV Bar No. 010252) | LAURA C. BASFORD |
| Senior Deputy Attorney General | J. RONALD BROOKE, JR. |
| SAMANTHA B. FEELEY (NV Bar No. 14034) | JOSHUA A. DOAN |
| State of Nevada, Office of the Attorney General | Federal Trade Commission |
| Bureau of Consumer Protection | 600 Pennsylvania Ave., NW, CC-6316 |
| 8945 W. Russell Road, Suite 204 | Washington, D.C. 20580 |
| Las Vegas, Nevada 89148 | (202) 326-3043 (Biesty) |
| 702-486-3256 ph (L. Tucker); 702-486-3789 ph (S. Feeley) | (202) 326-2343 (Basford)<br>(202) 326-3484 (Brooke) |
| E-mail: ltucker@ag.nv.gov; E-mail: sfeeley@ag.nv.gov | (202) 326-3187 (Doan)<br>Email: tbiesty@ftc.gov; lbasford@ftc.gov; jbrooke@ftc.gov; jdoan@ftc.gov |
| Attorneys for Plaintiff, State of Nevada | Attorneys for Plaintiff<br>FEDERAL TRADE COMMISSION |

HOLLAND & HART LLP

*/s/ Lars K. Evensen*
Lars K. Evensen
Jenapher Lin
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

P. Sterling Kerr
KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, NV 89052

*Attorneys for Defendants International Markets Live Inc., IM Mastery Academy Ltd., Assiduous, Inc., Christopher Terry, Isis Terry*

5