# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Federal Trade Commission, et al., <br><br>      Plaintiff(s), <br><br> v. <br><br> International Markets Live, Inc., et al., <br><br>      Defendant(s). | Case No. 2:25-cv-00760-CDS-NJK <br><br> **Order** <br><br> [Docket No. 129] |

Pending before the Court is a motion for protective order filed by Defendant Isis Terry. Docket No. 129.[1] The Monitor filed a response. Docket No. 132.

## I.  BACKGROUND

The parties are engaged in expedited discovery regarding: (1) the nature, location, status, and extent of Defendants' assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) documents reflecting Defendants' business transactions and operations; or (4) compliance with the modified preliminary injunction order. Docket No. 111 at 26. Pursuant to the modified preliminary injunction order, depositions may be set with as little as five days' notice. *Id.* That order specifies further that "depositions may be taken by telephone, video conferencing platform (e.g., Zoom or Microsoft Teams), or other remote electronic means." *Id.* at 27.

In the late afternoon of September 10, 2025, the Monitor noticed the deposition of Isis Terry for 10:00 a.m. on September 16, 2025, in Las Vegas, Nevada. *See* Docket No. 129-4.[2] On

---

[1] The Court shortened the briefing schedule to accommodate the fact that the deposition is set for tomorrow. *See* Docket No. 131. The Court also provides a truncated analysis herein so that the ruling can issue before the deposition.

[2] The Monitor also noticed the deposition of Christopher Terry. Docket No. 129-3. There appears to be no dispute with respect to that deposition. *See* Docket No. 129-1 at ¶ 7.

1

September 11, 2025, counsel for Isis Terry initiated the required meet-and-confer process, seeking to have the deposition conducted remotely given that Isis Terry would be out of state on the noticed date. *See* Docket No. 129-1 at ¶ 7. Counsel discussed alternative dates and locations for the deposition, but were unable to come to an agreement. *See id.* at ¶ 8.

After hours on September 12, 2025, Isis Terry filed a motion for protective order that her deposition proceed remotely. Docket No. 129. That is the matter currently before the Court.

## II. STANDARDS

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party subject to discovery may seek a protective order. Fed. R. Civ. P. 26(c). The movant bears the burden of persuasion. *E.g.*, *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (citing *Cipollone v. Liggett Grp.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

Although in-person depositions have been the norm until recent times,[3] the governing rules also provide that, by stipulation or on motion, "a deposition may be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). The Court has elsewhere outlined the governing standards in deciding whether to order that a deposition be conducted remotely:

> Generally, leave to take depositions by remote means should be granted liberally. *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008); *see also Lopez v. CIT Bank, N.A.*, Case No. 15-cv-00759-BLF (HRL), 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015) (citing case law from within the Ninth Circuit). Analyzing whether to permit remote depositions generally consists of two steps. First, the proponent must advance a legitimate reason for seeking a remote deposition. *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986). Second, if that foundational showing is made, then the burden shifts to the opposing party to make a "particularized showing" that conducting the deposition by remote means would be prejudicial. *United States v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 629 (S.D. Cal. 2001) (collecting cases).
>
> Courts possess wide discretion in determining the manner for taking depositions, including whether they should take place by remote

---

[3] Remote depositions became more prevalent during the COVID-19 pandemic. *See Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. 2020), *objections overruled*, 2020 WL 8871311 (D. Nev. Aug. 26, 2020).

>means. *Learning Res., Inc. v. Playgo Toys Enters. Ltd.*, 335 F.R.D. 536, 537-38 (N.D. Ill. June 16, 2020); *see also Hyde & Drath v. Baker*, 24 F.3d. 1162, 1166 (9th Cir. 1994) (addressing discretion with respect to time and place of depositions). As with the Federal Rules of Civil Procedure more generally, courts are mindful to construe Rule 30(b)(4) in a manner that secures the just, speedy, and inexpensive determination of the case. *See United States v. K.O.O. Constr., Inc.*, 445 F.Supp.3d 1055, 1056-57 (S.D. Cal. May 8, 2020).

*Swenson*, 336 F.R.D. at 209.[4]

### III. ANALYSIS

#### A. Failure to Oppose with Points and Authorities

The Court begins with the overarching problem that the response contains no citation to legal authority, *see* Docket No. 132, which itself constitutes a consent to the granting of the motion, *see* Local Rule 7-2(d). The Court is certainly mindful of the short timeframe in which this deposition was noticed, as well as in briefing the motion. On the other hand, the Monitor knew that this motion may be filed as of at least September 11, 2025, *see* Docket No. 129-2 at 2, and it actually was filed on September 12, 2025, *see* Docket No. 129 (notice of electronically filing). Moreover and significantly, the discussions during the meet-and-confer process should have been informed by legal research. *See, e.g.*, *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993) (conferral efforts must take place "with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions"). Hence, sufficient time existed to conduct legal research and cite to legal authority. The failure to include legal authority in the response to the motion for protective order warrants it being granted. *See* Local Rule 7-2(d).

#### B. Consideration on the Merits

Alternatively, even were the Court to treat the motion as properly opposed, the Court would reach the same conclusion. The Court begins with whether Isis Terry has advanced a legitimate reason for seeking a remote deposition. The motion indicates that Isis Terry resides out of state, such that appearing here for deposition would require incurring significant expense and facing

---

[4] Although the motion relies explicitly on Rule 30(b)(4) and cites legal authority addressing this two-step analysis, *see* Docket No. 129 at 5 (citing *Hernandez v. Bobst Grp. N. Am., Inc.*, 2020 WL 6063143 (E.D. Cal. Oct. 14, 2020)), the argument is not structured explicitly under the two-step process. Given the very short timeframe at issue, the Court also lacks the luxury of seeking further input from the parties. The Court has endeavored to correctly identify and apply the law. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

logistical difficulty in obtaining last-minute travel arrangements. *See* Docket No. 129 at 4. The Monitor counters that competent evidence (like a declaration from Isis Terry) has not been presented in support of the motion and that "exceptional circumstances" have not been shown that travel expense and logistics warrant a remote deposition. *See, e.g.*, Docket No. 132 at 3-4.[5]

The Court finds that Isis Terry has met her initial burden of advancing a legitimate reason that the deposition be taken by remote means. As to the type of reasoning advanced, courts liberally grant requests for depositions to be taken remotely and "have not required a showing of extraordinary circumstances." *Kaseberg v. Conaco, LLC*, 2016 WL 8729927, at *5 (S.D. Cal. Aug. 19, 2016) (quoting *Jahr*, 109 F.R.D. at 431). Courts have found more specifically that a "desire to save money" on travel costs is a legitimate reason for a remote deposition. *Id.*; *see also, e.g., Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996) (holding that a desire to save money to avoid regional travel from Colorado to Kansas sufficed to establish a legitimate reason for seeking remote deposition). As to the manner of the factual showing that was made, it is certainly preferred practice to substantiate the "legitimate reason" for seeking a remote deposition by providing a declaration attesting to the factual circumstances based on personal knowledge. Given the liberal nature of allowing remote depositions, however, courts do not always require that the reason be advanced with such evidentiary support. *See, e.g., Henry v. Tacoma Police Dept.*, 2023 WL 5530201, at *2 (W.D. Wash. Aug. 28, 2023) (noting lack of declaration but relying on statements in briefing). Moreover, there is no dispute in this case that Isis Terry is not in Nevada such that travel would be required on short notice.[6] The motion advances a legitimate reason for taking this deposition by remote means.

---

[5] The Monitor also appears to argue that the deposing entity simply gets final say as to whether the deposition will be taken remotely. *See* Docket No. 132 at 3. The Court does not interpret the modified preliminary injunction order as so indicating, *see* Docket No. 111 at 27, nor does the Court interpret the law as so indicating, *see, e.g.*, Fed. R. Civ. P. 30(b)(4).

[6] The response argues repeatedly that the short notice for the deposition was permissible and appropriate. The Court does not imply herein that the Monitor was not permitted to set the deposition with only six days' notice, as that shortened timeframe is expressly contemplated by the modified preliminary injunction order. *See* Docket No. 111 at 27. Nonetheless, the shortened notice period does impact whether the deposition should be taken by remote means, which is also contemplated as a possibility in the modified preliminary injunction order. *See id.*

1  The burden shifts to the Monitor to make a particularized showing that conducting the
2  deposition by remote means would be prejudicial. In the response, the Monitor expresses a
3  preference for taking "the deposition the old-fashioned way, by sitting across the table from Ms.
4  Terry, handing her documents, asking her questions about them, and assessing her reaction to
5  them." Docket No. 132 at 3. Such generalized statements are insufficient to show prejudice. *See,*
6  *e.g.*, *Swenson*, 336 F.R.D. at 212. Indeed, if the mere preference for in-person depositions were
7  sufficient, Rule 30(b)(4) would be rendered meaningless. *See id.* at 212 n.7 (quoting *Rouviere v.*
8  *DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 575 (S.D.N.Y. 2020)).

9  In short, the Court concludes that Isis Terry met her initial burden of advancing a legitimate
10 reason that the deposition be taken by remote means, while the Monitor did not meet his burden
11 of establishing prejudice. As such, the deposition will take place by remote means.[7]

**IV. CONCLUSION**

For the reasons discussed above, the motion for protective order is **GRANTED**.

IT IS SO ORDERED.

Dated: September 15, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[7] During the conferral process, both sides appeared to be potentially receptive to holding the deposition in person at a later date and at a mutually agreeable location. *See* Docket No. 129-1 at ¶ 8; *see also* Docket No. 130-2 at 3. Moreover, the Monitor in response to the motion indicates a continued openness to that scenario. *See* Docket No. 132 at 4. Nothing herein prevents counsel from immediately engaging in further conferral efforts and agreeing to hold this deposition in-person at a later date and at a mutually agreeable location. Absent such agreement, however, this deposition will take place remotely.