UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Federal Trade Commission, et al, | Case No. 2:25-cv-00760-CDS-NJK |
| Plaintiff | **Order** |
| v. | |
| International Markets Live, Inc. et al., | [ECF Nos. 147, 148, 150] |
| Defendants | |

Pending before the court, and addressed in this order, are the plaintiffs' emergency motion to modify the preliminary injunction, and the proposed intervenors' emergency motions for relief. *See* ECF Nos. 147, 148, 150.

On October 16, 2025, the Federal Trade Commission (FTC) and the State of Nevada filed an emergency motion to modify the preliminary injunction in this case. Mot., ECF No. 150. Having reviewed the motion, together with the Monitor's October 6, 2025 status report (ECF No. 140), I find that the plaintiffs have met the requisite standard for seeking emergency relief, and complied with Local Rule 7-4(a)(3). At this time, the court agrees with the plaintiffs that any future delay in freezing assets may cause additional dissipation of assets. As a result, I order that the following assets are subject to the preliminary injunction until further order of the court: all assets identified in the Monitor's status report, any and all assets belonging to or related to a Monitored Entity, and assets identified by the Monitor as a Monitored Entities asset.

The court notes that the plaintiffs are forced to file this motion in the middle of a lapse in appropriations. Accordingly, I temporarily exempt this action from the stay of civil matters involving the United States of America to resolve this motion, and additional motions addressed below. *See* D. Nev. Gen. Order 2025-07. The defendants must file a response to the plaintiffs'

emergency motion no later than 5:00 pm on Monday, October 20, 2025. The parties are ordered to appear for a hearing on the plaintiffs' emergency motion on Tuesday, October 21, 2025, at 4:15 p.m. The plaintiffs may appear remotely and should contact the courtroom administrator for login information.

On October 15, 2025, proposed intervenors filed two emergency motions for relief. *See* Mots., ECF Nos. 147, 148. These motions are denied for two reasons. First, the motions are not emergencies—the proposed intervenor has been on notice that the Monitor identified the Auspicious Irrevocable Trust, Manager of Dominant Consulting Group, LLC, and Terra Firma Development, LLC, as Monitored Entities since September 12, 2025. *See* ECF No. 147-1 at 12–13 (letter from Monitor identifying Monitored Entities). There is no explanation as to why this motion was not filed until over a month later.

Second, the intervenors' motions fail to provide the requisite certification under Rule 7-4(a)(3), and any sort of explanation or reasoning for circumventing that requirement. While Beach Music was not designated as a Monitored Entity until October 7, 2025, that does not alleviate the moving party from complying with Local Rule 7-4(a)(3).

Consequently, the proposed intervenors' motions **[ECF Nos. 147, 148] are denied without prejudice**. *See* LR 7-4(c) ("Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion."). Should the proposed intervenors and its counsel wish to continue with their emergency motions, they are ordered to review the Local Rules and file a certification that they have done so no later than October 21, 2025, at 12:00 pm. A copy of the Local Rules is available online at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

Dated: October 17, 2025

_____
Cristina D. Silva
United States District Judge

2