UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Federal Trade Commission and State of Nevada, | Case No. 2:25-cv-00760-CDS-NJK |
| Plaintiffs | Order Denying Kerr's Motion to Intervene and Proposed Intervenor's Motion for Joinder, and Granting Plaintiffs' Motion to Strike Joinder |
| v. | |
| International Markets Live, Inc. et al., | [ECF Nos. 113, 118, 136, 137] |
| Defendants | |

Plaintiffs Federal Trade Commission and the State of Nevada brought this action on May 1, 2025, to stop defendants International Markets Live, Inc., IM Mastery Academy Ltd., Assiduous, Inc., Global Dynasty Network, LLC., Christopher and Isis Terry ("the Terrys"), and others from operating alleged unlawful investment training and business schemes. *See* Compl., ECF No. 1. The defendants allegedly operated the unlawful schemes despite receiving numerous consumer complaints, legal actions and warnings, negative press coverage, and a notice of the FTC's investigation into them in December 2021. *Id.*

On August 20, 2025, proposed intervenor-plaintiff, P. Sterling Kerr, filed a motion to intervene under Rule 24 of the Federal Rules of Civil Procedure (FRCP). Mot. intervene, ECF No. 113. The plaintiffs oppose the motion. Opp'n, ECF No. 119. Several "proposed intervenors" filed two joinder motions to intervene. *See* Joinders, ECF Nos. 118, 137.[1] The motion to intervene is not fully briefed. *See* Kerr's & proposed intervenors' reply, ECF No. 125. The plaintiffs also filed a motion to strike the proposed intervenors' motion for joinder. ECF No. 136. No response to the motion to strike was filed, and the time to do so has expired. *See* LR 7-2(b). Because I find

---

[1] The joinder motions were filed by Afflatus Holdings, LLC; Dominant Consulting Group, LLC; and Terra Firma Development, LLC ("proposed intervenors"). The proposed intervenors are entities owned by the Auspicious Irrevocable Trust.

that Kerr and the other proposed intervenors have not satisfied the requirements to intervene as a matter of unconditional right under Rule 24 of the FRCP, I deny the motion to intervene and motions for joinder. I also grant the plaintiffs' motion to strike.

## I. Background

The plaintiffs allege that, since at least 2018, the "[d]efendants have operated a large deceptive investment scheme targeting young adults, including Black and Latino consumers." *See* ECF No. 1 at ¶ 3. The defendants allegedly misrepresented that the IM Mastery Academy instructors would teach consumers how to make significant income trading in the foreign exchange, binary options, cryptocurrency, and stock markets. *Id.* at ¶ 4. The defendants also allegedly misrepresented that consumers could make significant income by joining IML as salespeople, through which they could earn commissions for selling IML's Trading Training Services and recruiting other consumers to join IML as salespeople. *Id.* at ¶¶ 5, 40–41. The plaintiffs further allege that the defendants made deceptive earnings claims online by marketing an unrealistic lavish lifestyle to essentially lure individuals to become purchasers of their training services, all while profiting from deceptive earnings claims of their salespeople. *Id.* at ¶ 8.

## II. Legal standard

A person or entity can intervene, even if they do not meet the requirements of intervention as of right under Rule 24(a), if they have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Ninth Circuit has held that permissive intervention is appropriate if the movant shows (1) the motion is timely; (2) the applicant's claim or defense has a question of law or a question of fact in common with the main action; and (3) independent grounds for jurisdiction. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). A district court has "broad discretion" in deciding whether to allow permissive intervention. *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986). The burden to show that intervention is appropriate lies with the applicant seeking to intervene. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006).

III.    Discussion

        A.  **Intervenor Kerr's motion to intervene is denied.**

Kerr asserts that the FTC and the State of Nevada deprive the Trust of substantial property rights without notice or an opportunity to be heard. ECF No. 113 at 2. He further asserts that the Trust is an irrevocable spendthrift trust managed exclusively by its trustees. *Id.* at 2. Thus, Kerr seeks to "assert [the Trust's] rights, including the filing of a [c]omplaint in Intervention for Declaratory Relief concerning the applicability of the Preliminary Injunction." *Id.* at 3. Kerr further asserts that the requirements for permissive intervention under Rule 24(b) are satisfied because "jurisdiction exists, [the] Motion is timely, and the Trust's claims share common questions of law and fact with the existing action." *Id.* In opposition, the plaintiffs assert that Kerr fails to show that his claims share common questions of fact or law with this action. ECF No. 119 at 6–7. They also argue that the interest of the Trust is already adequately represented in this litigation by the Terry defendants. *Id.* The plaintiffs further argue that allowing intervention would run a high risk of encumbering this action and delaying its resolution. *Id.* at 2. I address each factor under Rule 24(b) of the FRCP in turn.

        *1.  There is jurisdiction over this matter.*

There is no dispute that there is an independent ground for jurisdiction, so I find this factor is met here.

        *2.  The motion is timely.*

The Ninth Circuit delineates three factors when determining if a motion to intervene is timely: (1) the stage of the proceedings; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *See United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

Kerr filed a motion to intervene in this action over three months after the complaint was filed. While "timeliness should not be dictated by length of delay alone," *see Alaska Airlines, Inc. v. Shurke*, 2013 U.S. Dist. LEXIS 204605, at *4 (W.D. Wash. Feb. 24, 2013), I find that given the early stage of this litigation, this slight delay in bringing the motion to intervene—though

concerning—is not determinative here. *See Kalshiex, LLC v. Hendrick*, 2025 U.S. Dist. LEXIS 132646, at *2 (D. Nev. June 2, 2025) (finding that a motion to intervene filed forty-seven days after the filing of the complaint was timely, as there was no discovery performed or other substantive rulings made). Indeed, the "general rule is that a post-judgment motion to intervene [for purposes of appeal] is timely if filed within the time allowed for the filing of an appeal." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 836 (9th Cir. 2022) (quoting *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992)).

Here, the plaintiffs did not directly address the issue of timeliness in their opposition, so this argument is deemed abandoned. *See Mendoza v. City of Los Angeles*, 2022 WL 3137957, at *6 (C.D. Cal. June 2, 2022) (finding that the plaintiff's failure to address the defendant's statute of limitations argument constituted a waiver of the issues raised in the defendant's motion). I nonetheless address timeliness. Timeliness is questionable because the motion to intervene was filed almost three months after the complaint; the court has already considered, entered, and modified a preliminary injunction; and the court-appointed monitor has already filed his first report.[2] *See U.S. Commodity Futures Trading Comm'n v. Forex Liquidity LLC*, 384 F. App'x 645, 647 (9th Cir. 2010) (denying intervention where the receiver's work in that action was significant and "would likely disrupt the orderly and efficient administration of the estate"). However, given the plaintiffs' lack of opposition, together with the fact that this case is in the early stages of the litigation, I find that there would not be prejudice to the plaintiffs, so the motion to intervene is timely. The success of Kerr's motion ends here.

### 3. Kerr's motion fails to demonstrate common question of law or fact exists with the main action.

The motion to intervene wholly lacks any meaningful analysis demonstrating that there is a common question of law or fact with the main action. Instead, the motion summarily contends that the Trust's claims arise from the same legal and factual matrix as the plaintiffs'

---

[2] *See* ECF No. 140.

4

case, and that this issue is inseparable from the underlying allegations. *See* ECF No. 113 at 6. But the plaintiffs' legal and factual "matrix" is to vindicate alleged violations of state and federal law. It is unclear how the Kerr's claims or defenses present common question of law or fact. That is because they do not. Kerr has no interest in presenting claims or defenses related to this action on behalf of the Trust. Indeed, the proposed "complaint in intervention" does not set forth a single claim or defense related to the underlying action. Instead, Kerr's "proposed complaint," boldly claims that the Trust is not subject to the preliminary injunction in this action and further summarily contends that the preliminary injunction has "no effect against the Trust unless and until the Trust becomes a party to this proceeding and is given notice and an opportunity to respond to the Preliminary Injunction." *See id.* at 8. Thus, the purpose behind Kerr's motion to intervene is not to present a claim or defense related to the underlying action; rather, it is to circumvent compliance with this court's preliminary injunction. This is improper and demonstrates Kerr fails to meet his burden demonstrating intervention is warranted here. *See Thompson v. United States*, 268 F.R.D. 319, 322 (N.D. Ill. 2010) (finding that party seeking intervention did not have sufficient interest in the suit to merit intervention because it had "no stake in the underlying legal issues or the subject matter of the dispute between [the Defendant] and the government.").

In an attempt to support his argument that the Trust need not comply with the preliminary injunction, Kerr argues that "the Court cannot enter an injunction against a nonparty" and cites FRCP 65 and two out-of-circuit decisions. This argument, without any analysis, is insufficient to explain how the Trust is not subject to the preliminary injunction given its designation as a Monitored Entity. And, contrary to Kerr's assertion that a court cannot enjoin a non-party, Rule 65(d)(2)(C) does permit a court enforce an injunction against non-parties after "[an] injunction has issued" if the non-party receives notice of the court's injunction order and "continues to provide services to Defendants [that] could qualify [it] as an 'aider or abettor' under Rule 65(d)(2)(C)." *cPanel, LLC v. Asli*, 719 F. Supp. 3d 1133, 1155–56 (D. Or. 2024);

*Patagonia, Inc. v. Agnew*, 2025 WL 1617182, at *11 (C.D. Cal. June 5, 2025) (same). Kerr's motion not only fails to cite this authority, but it also fails to explain how the Trust does not qualify as an "aider or abettor" under Rule 65. This omission is fatal given the information in the Monitor's status reports showing that Kerr's IOLTA account is used to operate the Auspicious Trust, and that the Trust is being used to move some of the Terrys' ill-gotten gains. *See* ECF No. 163-1 at 10; *see also id.* at 11 (discussing $100,000 transfer from Kerr's IOLTA to Analusion LLC on July 23, 2025, which is an entity held in the name of Mr. Terry's girlfriend,[3] Ms. McLeod). It is quite troubling that the Monitor has identified a dissipation of assets *after* the Terrys were on notice that the FTC was investigating them,[4] and later, after they were notice that the FTC was seeking a preliminary injunction in this action. *See id.* at 13 (Monitor's supplemental report, indicating that in June 2025, Christopher Terry sold numerous cars and thereafter utilized Kerr to move the proceeds of those sales.).

To be clear, the alleged legal violations, not the injunction, is the subject of this action. Kerr's motion to intervene does not explain, nor does it provide any evidence to support, his contention that the Monitor wrongfully designated it was a Monitored Entity. *Compare FTC v. Nudge, LLC*, 2020 WL 6881846, at *3 (D. Utah Nov. 23, 2020) (granting intervention so married couple could pursue the claim that restrained company should be allowed to continue making payments to them pursuant to a settlement agreement executed before the enforcement action arose); *FTC v. Loss Mitigation Servs. Inc.*, 2009 WL 10673186, at *2 (C.D. Cal. Dec. 7, 2009) (granting intervention so that the entity could pursue the claim that it was the true owner of a bank account containing just over $175,000 that the court-appointed received "wrongly took possession of"), *with SEC v. Benger*, 2010 WL 724416, at *2 (N.D. Ill. Feb. 23, 2010) (finding that wife seeking divorce had insufficient interest in frozen assets to intervene in SEC fraud action against her husband because she did not make showing that the frozen assets were lawfully

---

[3] Based on the information before the court, Christopher Terry is still married to Isis Terry.
[4] *See* Ex. 2, ECF No. 158-4 (texts from Isis Terry from January 2025 discussing moving money into Sterling's Trust together with the FTC's case).

derived or even demonstrate conclusively that the frozen assets were marital assets); *SEC v. Univ. Lab Techs., Inc.*, 2009 WL 723243, at *3 (S.D. Fla. Mar. 18, 2009) (denying soon-to-be ex-wife's motion to intervene because she was outside the scope of this securities fraud action and was merely attempting to inject a personal claim into the SEC's enforcement action). Merely asserting that the Trust is not a Monitored Entity does not make it so. If it is Kerr's position that the trust is inappropriately designated, he must supply the court with not only points and authorities to support the relief he requests, but also actual evidence instead of just conclusory arguments or assertions. Stated otherwise, Kerr fails to meet his burden showing intervention is appropriate, so his motion is denied.

The relevant language from the preliminary injunction is clear. First, it defines both "Defendants" and "Monitored Entities." *See* Mod. prelim. inj., ECF No. 111 at 5, 7. It defines the duties of the Monitor, which include identifying and reviewing Monitored Entities' records and financial transactions, including bank records, as they relate to the practices charged in the Complaint or Defendants' Products, and identifying and inventorying **all assets** of the Monitored Entities. *See id.* at 18–19. As Kerr concedes, the Trust has been identified as a Monitored Entity *and* has received notice of the preliminary injunction. *See* ECF No. 113 at 4 ("The day after the entry of the Preliminary Injunction, the FTC contacted Terra Firma Development, LLC and Dominant Consulting Group, LLC—entities owned by the Trust—asserting that the Injunction applied to them.[] This was the first notice the Trust received of the litigation or the Injunction."). Accordingly, unless Kerr meets his burden demonstrating that the Trust should not be designated a Monitored Entity, it is subject to the preliminary injunction.

### B. The plaintiffs' motion to strike the joinder is granted.

Proposed intervenors, Afflatus Holdings, LLC, Dominant Consulting Group, LLC, and Terra Firma Development, LLC moved to join Kerr's motion to intervene. ECF No. 118 at 1. They then filed an amended joinder to the motion to intervene. *See* ECF No. 137. For both motions, the

proposed intervenors fail to include supporting authority. Accordingly, the plaintiffs move to strike the motion for joinder. *See* ECF No. 136. They argue that the joinder motion does not contain a memorandum of points and authorities or supporting exhibits. Alternatively, they argue that even if the joined motion were permissible, allowing such a motion would undermine the briefing scheduled prescribed by Local Rule 7-2(b). I agree. Local Rule 7-2 provides that all motions "must be supported by a memorandum of points and authorities." And Rule 24(c) provides that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." So I grant the plaintiffs' motion to strike.

IV.   **Conclusion**

IT IS THEREFORE ORDERED that Kerr's motion to intervene **[ECF No. 113] is DENIED.**

IT IS FURTHER ORDERED that proposed intervenors' motions for joinder **[ECF Nos. 118, 137] are DENIED.**

IT IS FURTHER ORDERED that the plaintiff's motion to strike **[ECF No. 136] is GRANTED**, so proposed intervenors Afflatus Holdings, LLC, Dominant Consulting Group, LLC, and Terra Firma Development, LLC's joinder **[ECF No. 118] is STRICKEN.**

Dated: October 21, 2025

_____
Cristina D. Silva
United States District Judge