UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Federal Trade Commission and the State of Nevada,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>International Markets Live, Inc., et al.,<br><br>　　　　　　Defendants | Case No. 2:25-cv-00760-CDS-DJA<br><br>**Order Granting the plaintiffs' Motion to Show Cause, Denying the Motion for Attorney's Fees, and Denying the Motion to Modify the Preliminary Injunction**<br><br>[ECF Nos. 172, 195, 215] |

　　　　On January 23, 2026, I held a hearing addressing three pending motions before the court: (1) the plaintiffs' motion to for an order to show cause; (2) the defendants' motion to modify the third preliminary injunction; and (3) the motion for attorney's fees filed by the Trustee's attorney. Present during the hearing were counsel for the plaintiffs and the defendants. Also present during the hearing was Christopher Terry. Absent from the courtroom—and in direct violation of the court's January 5, 2026 and January 22, 2026 order—was Isis Terry. This order summarizes my rulings from that hearing.

　　　　For the reasons stated on the record, I deny the defendants' motion to modify the third preliminary injunction (ECF No. 195) and the motion for attorney's fees (ECF No. 172). I grant the plaintiffs' motion for an order to show cause against the defendants for the failure to comply with the court's preliminary injunction (ECF No. 215).

　　　　Accordingly, the plaintiffs are ordered to file a supplemental brief setting forth why this court should grant a show cause order against Christopher and Isis Terry and their specific, requested relief by Friday, January 30, 2026. A response to the plaintiffs' supplemental brief must be filed by February 11, 2026. This response must address the alleged violations and explain why this court should not issue a show cause order against them for failing to comply with the preliminary injunction. Isis Terry is also ordered to show cause explaining why she was not

present during the hearing and any relevant information regarding her attempts to travel and comply with my January 5, 2026 order to appear. If a reply is filed, it must be filed by February 18, 2026. The parties should support their briefing with evidence and affidavits for the courts' consideration.

Given Isis's unexcused absence from the hearing, the court provides Isis Terry with the same information given to Christopher Terry during the hearing so that she is on notice of the court's authority regarding the plaintiffs' request for a show cause order.

A district court has "wide latitude in determining whether there has been a contemptuous defense of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984); *see Spallone v. United States*, 493 U.S. 265, 276 (1990) (federal courts have inherent power to enforce their lawful orders through contempt). "A court's contempt powers are broadly divided into two categories: civil contempt and criminal contempt." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016). "The purpose of civil contempt is coercive or compensatory, whereas the purpose of criminal contempt is punitive." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 539 F.3d 1039, 1042 (9th Cir. 2008).

At issue here is civil contempt.[1] In contrast with criminal contempt sanctions, civil contempt sanctions "are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Int'l Union v. Bagwell*, 512 U.S. 821, 827 (1994). "[A]lthough the district court generally must impose the minimum sanction necessary to secure compliance," "the district court retains discretion to establish appropriate sanctions[.]" *United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010) (citations omitted). Where "affidavits offered in support of a finding of [civil] contempt are uncontroverted," a district court is not required to hold an evidentiary hearing. *Peterson v.*

---

[1] *See* ECF No. 215 (plaintiffs seeking an order to show cause why the Terrys' should not be held in civil contempt).

*Highland Music, Inc.*, 140 F.3d 1313, 1324 (9th Cir. 1998) (explaining when affidavits offered in support of a finding of contempt are uncontroverted, the court held that a district court's decision not to hold a full-blown evidentiary hearing does not violate due process).

A party seeking a civil contempt order must establish "(1) that [the alleged contemnor] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Lab./Cmty. Strategy Ctr. v. L.A. Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009); *see also Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997) ("[T]o succeed in its motion for civil contempt, [the plaintiff] had to show by clear and convincing evidence that [defendant] violated the consent judgment beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the judgment."). If a moving party meets this four-part test, the burden shifts to the alleged contemnor to show that they "took all reasonable steps to comply with the order." *Kelly v. Wengler*, 822 F.3d 1085, 1096 (9th Cir. 2016).

When determining if an alleged contemnor has taken "every reasonable step" to comply with the terms of a court order, the court considers a variety of factors including the contemnor's "history of noncompliance" and "failure to comply despite pendency of the contempt motion." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 857 (9th Cir. 1992). If a party is found in contempt, a district court "generally must impose the minimum sanction necessary to ensure compliance." *Bright*, 596 F.3d at 696. However, the court also has the authority to issue a bench warrant for the contemnor's arrest. *Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985).

I have granted the plaintiffs' motion for an order to show cause and ordered supplemental briefing on the plaintiffs' requested relief. At the completion of the supplemental briefing schedule, the court will determine if the order to show cause should be granted or discharged. If it is granted, I will determine what if any sanction should be imposed as to the Terrys.

## Conclusion

IT IS HEREBY ORDERED that the plaintiffs' motion for an order to show cause against the defendants [ECF No. 215] is GRANTED.

IT IS FURTHER ORDERED that the defendants' motion to modify the preliminary injunction [ECF No. 195] is DENIED.

IT IS FURTHER ORDERED that the motion for attorney's fees [ECF No. 172] is DENIED without prejudice.

Dated: January 26, 2026

_____
Cristina D. Silva
United States District Judge