Alina Veneziano
NV Bar No. 16645
Oberheiden, P.C.
625 S. 6th Street
Suite #301
Las Vegas, NV 89101
(702) 209-7570 - alina@federal-lawyer.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION AND STATE OF NEVADA<br><br>          Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL MARKETS LIVE, INC., et al.,<br><br>          Defendants. | Case No.: 2:25-cv-00760-CDS-NJK<br><br>**MOTION TO WITHDRAW<br>AS COUNSEL OF RECORD** |

**MOTION TO WITHDRAW AS COUNSEL OF RECORD**

Pursuant to Local Rule IA 11-6 of the United States District Court for the District of Nevada and Rule 1.16 of the Nevada Rules of Professional Conduct, undersigned counsel, Alina Veneziano of Oberheiden P.C., respectfully move this Court for an order permitting withdrawal as counsel of record for Defendant Alexander Morton.

This Motion is supported by the accompanying Memorandum of Points and Authorities, the Declaration of Alina Veneziano, the pleadings and papers on file in this matter, and any argument the Court may permit at hearing.

DATED: February 4, 2026

/s/ Alina Veneziano
Alina Veneziano, Esq. & CPA
OBERHEIDEN, P.C.
Nevada Bar Number: 16645
625 S. 6th Street
Suite #301
Las Vegas, NV 89101
Tel: (702) 209-7570
Fax: (702) 552-9485
alina@federal-lawyer.com

*Attorneys for Defendant Alex Morton*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to Local Rule IA 11-6(b) of the United States District Court for the District of Nevada, "[i]f an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel." Local Rule IA 11-6(e) further provides that "[n]o withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case."

Further, Rule 1.16(b) of the Nevada Rules of Professional Conduct further provides that a lawyer may withdraw from their representation of a client when "[w]ithdrawal can be accomplished without material adverse effect on the interests of the client," in addition to other permissive grounds.

### II. FACTUAL BACKGROUND

On July 18, 2025, Plaintiffs Federal Trade Commission and State of Nevada filed a Joint Notice Regarding Proposed Settlement and Motion to Stay Case as to Defendant Alex Morton (ECF No. 88). On July 22, 2025, this Court granted the Joint Motion to Stay as to Defendant Alex Morton (ECF No. 89).

Subsequently, on September 3, 2025, a Stipulated/Consent Judgment was filed as to Defendant Alexander Morton (ECF No. 120). On September 4, 2025, this Court entered an Order Granting Permanent Injunction and Other Relief as to Alexander Morton (ECF No. 123), thereby resolving all claims against Mr. Morton in this matter.

The settlement has been fully executed and approved by the Court. There are no pending matters, discovery obligations, hearings, or trial dates involving Mr. Morton. Mr. Morton's ancillary obligations under the settlement order, including but not limited to the cooperation clause, post-judgment compliance and monitoring, and reporting requirements, will be handled by his new attorneys.

### III. ARGUMENT

**A. Withdrawal Is Appropriate Because All Claims Against Mr. Morton Are Resolved**

The primary basis for this Motion is that all claims against Defendant Alexander Morton have been fully and finally resolved through the Court-approved Stipulated/Consent Judgment entered on September 4, 2025. The case is concluded with respect to Mr. Morton. There are no remaining claims, defenses, discovery obligations, or proceedings involving him.

**B. Withdrawal Will Not Cause Delay or Prejudice**

Local Rule IA 11-6(e) prohibits withdrawal if it will result in delay of discovery, trial, or any hearing. Here, no such delay is possible because there are no pending motions, hearings, discovery deadlines, or trial dates involving Mr. Morton; the Court has entered a final Stipulated/Consent Judgment resolving all claims against Mr. Morton (ECF No. 123); Mr. Morton has no ongoing litigation obligations in this matter; and Mr. Morton has been provided reasonable notice of counsel's intent to withdraw and does not oppose this Motion.

Upon information and belief, Defendant Alexander Morton is currently represented by a new law firm with respect to ancillary obligations and post-judgment obligations.

Ms. Veneziano's withdrawal will not have an adverse impact on the Defendants nor will it result in delay of any matter related to the litigation.

**C. Withdrawal Can Be Accomplished Without A Material Adverse Effect**

Rule 1.16(b)(1) of the Nevada Rules of Professional Conduct permits withdrawal where it can be accomplished without material adverse effect on the client's interests. Here, Mr. Morton's interests have been fully protected because the settlement has been negotiated, approved, and entered as a final order; no ongoing legal representation in this litigation is necessary; and all of Mr. Morton's rights and interests in this litigation have been safeguarded through the settlement agreement and Court order.

**IV. CONCLUSION**

For the reasons set forth above and in the accompanying Declaration, undersigned counsel respectfully requests that this Court grant the Motion to Withdraw and enter an order permitting Oberheiden P.C. to withdraw as counsel of record for Defendant Alexander Morton.

DATED: February 4, 2026

/s/ Alina Veneziano
Alina Veneziano, Esq. & CPA
OBERHEIDEN, P.C.
Nevada Bar Number: 16645
625 S. 6th Street
Suite #301
Las Vegas, NV 89101
Tel: (702) 209-7570
Fax: (702) 552-9485
alina@federal-lawyer.com

*Attorneys for Defendant Alex Morton*

# DECLARATION OF ALINA VENEZIANO, ESQ. & CPA, IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD

I, Alina Veneziano, Esq. & CPA, declare as follows:

1. I am an attorney duly licensed to practice law in the State of Nevada and am an employee with Oberheiden P.C. (the "Firm"). I serve as counsel of record in this matter for Defendant Alexander Morton.

2. I make this Declaration in support of the Firm's Motion to Withdraw as Counsel of Record, and I submit this Declaration pursuant to Rule 1.16 of the Nevada Rules of Professional Conduct and Supreme Court Rule 46. The facts set forth herein are based on my personal knowledge unless otherwise stated, and if called as a witness, I could and would competently testify to the same.

3. On September 4, 2025, this Court entered an Order Granting Permanent Injunction and Other Relief as to Alex Morton (ECF No. 123), approving a Stipulated/Consent Judgment that resolved all claims against Mr. Morton in this action.

4. The settlement has been fully executed and all obligations with respect to Defendant Alexander Morton have been satisfied. There are no pending matters, motions, discovery obligations, hearings, or trial dates involving Mr. Morton.

5. Upon information and belief, Defendant Alexander Morton is currently represented by a new law firm with respect to ancillary obligations and post-judgment obligations.

6. The legal representation for which the Firm was retained has been completed. Mr. Morton's interests in this litigation have been fully protected through the Court-approved settlement.

7. I have provided Mr. Morton with reasonable notice of the Firm's intent to withdraw as counsel of record. Mr. Morton has been informed of this Motion and does not oppose the withdrawal.

8. I have informed the Federal Trade Commission and the State of Nevada of the Firm's intent to withdraw as counsel of record, who have confirmed that they will not oppose this motion.

9. The Firm's withdrawal will not result in any delay of discovery, trial, or any hearing in this case, as all matters involving Mr. Morton have been concluded.

10. I affirm that my relationship with Mr. Morton remains professional and cooperative. This Motion is based solely on the completion of the legal representation and the final resolution of all claims against him.

I declare under penalty of perjury under the laws of the United States and the State of Nevada that the foregoing is true and correct.

Executed this 4th day of February 2026, in Henderson, Nevada.

/s/ Alina Veneziano
Alina Veneziano, Esq. & CPA

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Oberheiden P.C., and that on this 4th day of February 2026, I caused a true and correct copy of the foregoing **MOTION TO WITHDRAW AS COUNSEL OF RECORD** to be electronically filed with the Court's CM/ECF Program which sent notification of such to all counsel of record.

<u>/s/ Alina Veneziano</u>
Alina Veneziano, Esq. & CPA
An employee of Oberheiden, P.C.