Crane Pomerantz, Esq.
Nevada Bar No. 14103
CLARK HILL PLC
1700 South Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135
Telephone: (702) 697-7545
Facsimile: (702) 862-8400
cpomerantz@clarkhill.com

Logan D. Smith (*Pro Hac Vice*)
MCNAMARA SMITH LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 269-0400
Facsimile: (619) 269-0401
lsmith@mcnamarallp.com
*Attorneys for Court-Appointed Receiver,*
*Thomas W. McNamara*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION and STATE OF NEVADA, | Case No. 2:25-cv-00760-CDS-DJA |
| Plaintiffs | **STIPULATION AND ORDER AUTHORIZING SALE OF VEHICLES** |
| v. | |
| INTERNATIONAL MARKETS LIVE, INC., et al., | [ECF No. 260] |
| Defendants | |

The receiver, Thomas McNamara, ("Receiver"), acting in his capacity as the Receiver of the Receivership Entities, sets forth the following as the factual basis for the Stipulation:

1.     On November 25, 2025, Sterling Kerr resigned as Trustee of Receivership Entity Auspicious Irrevocable Trust dated February 10, 2019 ("Auspicious Trust"), which owns Receivership Entity Terra Firma Development, LLC.

2.     On February 27, 2026, Defendants Christopher Terry and Isis Terry, individually and as Protectors of the Auspicious Trust, removed any remaining Trustees of the Auspicious Trust and appointed the Receiver, in his capacity as Receiver in this case, as the sole Successor Trustee of the Auspicious Trust.

3.     The Preliminary Injunction empowers the Receiver to "[a]ssume full control of Receivership Entities…," to "[t]ake exclusive custody, control, and possession of the assets of the Receivership Estate, wherever situated," and to "[c]onserve, hold, manage, and prevent the loss of all assets of the Receivership Estate, and perform all acts necessary or advisable to preserve the value of those assets."  ECF No. 188 at Secs. XIII A, C & D.

4.     Defendants cooperated in the turnover of twelve automobiles to the Receiver which are presently in the possession of and secured by Broad Arrow Auctions in New York, Florida, and California, while an older Chevrolet Suburban is presently secured in the garage at the Paraiso condominium in Florida (the "Vehicles").  The Vehicles include the following: a 2020 Bentley Continental GTC; 2020 Land Rover-G Range Rover HSE; 2019 Land Rover-W Range Rover; 2001 Mercedes Benz SL600; 2017 Rolls Royce Dawn; 2005 BMW 640i (scrap); 2019 Land Rover-Range Rover; 2017 Rolls Royce Dawn; 2021 Cadillac Escalade 4x4; 2021 Mercedes Benz Maybach S580; 2019 Rolls Royce Dawn;  2017 Ferrari 488 GTB; and 2016 Chevrolet Suburban LTZ.  Three automobiles are secured in the garage of the One Palm condominium in Dubai ("Dubai Vehicles").  These include the following: a 2021 Cadillac Escalade; 2020 Rolls Royce Cullinan; and 2015 Toyota Corolla.

5.     The Vehicles and Dubai Vehicles continue to depreciate and incur monthly storage, maintenance, and insurance costs.  As such, the Receiver believes the Vehicles and Dubai Vehicles must be sold.

6.      The sale of personal property is governed by 28 U.S.C. § 2004, which provides that "[a]ny personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, unless the court orders otherwise."  28 U.S.C. § 2004 (emphasis added).  (Section 2001 generally applies to sale of real property and, although courts often approve more commercially reasonable sales methods, the statute requires the sale to take place on the courthouse steps.  *See* 28 U.S.C. § 2001(a).)  District courts have wide discretion to deviate from these procedures, which often impose unnecessary costs and delays on the receivership estate and do not maximize the sales price.  *See United States v. Stonehill*, 83 F.3d 1156, 1160 (9th Cir. 1996) (noting district court has discretion whether to obtain appraisals); *see also SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) ("The district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." (citation omitted)); *see also SEC v. Goldfarb*, No. C 11-00938 WHA, 2013 U.S. Dist. LEXIS 118942, at *10-11 (N.D. Cal. Aug. 21, 2013) (deviating from 28 U.S.C. § 2001 and approving sale of receivership estate's interest in LLC at reduced price); *FTC v. Consumer Def., LLC*, No. 2:18-cv-30 JCM (PAL), 2019 U.S. Dist. LEXIS 9135, at *11 (D. Nev. Jan. 18, 2019) (authorizing sale of vehicles via commercially reasonable means); Derek F. Meek & Ellen C. Rains, *Deviation from Statutory Scheme in Sale of Receivership Property*, 33-4 Am. Bankr. Inst. J. 58 (2014) ("Although the rationale behind [28 U.S.C. § 2001] is understandable, the requirements that it imposes can be costly and time-consuming for receivers to comply with its provisions, especially when strict compliance serves little or no purpose.").

7.      In the Receiver's experience, the sale of property, real or personal, in compliance with Sections 2001 and 2004 does not often maximize the sales proceeds to the receivership estate and will not do so in connection with the sale of the Vehicles and the Dubai Vehicles.

8.      The Receiver requested, and the Defendants agreed, to sell the vehicles through Broad Arrow Auctions either through Marketplace Auctions (an online marketplace) or, for certain of the high-end vehicles, through live sales events.  The Receiver believes selling the Vehicles via Broad Arrow Auctions will maximize recovery from the Vehicles.

///

**Stipulation**

9.      The Receiver hereby stipulates with Defendants Christopher Terry, Isis Terry, and International Markets Live, Inc., via their counsel Lars Evensen of Holland & Hart LLP as follows:

   a.      The Receiver will employ Broad Arrow Auctions to sell the Vehicles.

   b.      Broad Arrow Auctions will market and sell the Vehicles through Marketplace Auctions (an online marketplace) or, for some of the high-end Vehicles, at live sales events.  The Receiver will establish appropriate reserve prices based on recommendations provided by Broad Arrow Auctions.

   c.      Broad Arrow Auctions will charge a 5% sale price received for each Vehicle.  It will also be entitled to reimbursement for out-of-pocket photography, vehicle preparation, repair, and transportation expenses.

   d.      If any additional vehicles are turned over to the Receiver, the Receiver is authorized to employ Broad Arrow Auctions to sell these vehicles.

   e.      As for the Dubai Vehicles, the Receiver may use commercially reasonable sales channels to sell the automobiles.

///
///
///
///
///
///
///
///
///
///
///
///

f.    International Markets Live, Inc. is the sole owner of Receivership Entity Harmonic Waves Holding LLC. International Markets Live, Inc. consents, that to the extent any Vehicle listed above is owned and/or titled in the name of Harmonic Waves Holding LLC, the Receiver may sale said Vehicle in the same manner as set forth herein.

**IT IS SO STIPULATED.**

Dated: March 6, 2026

MCNAMARA SMITH LLP                          HOLLAND & HART LLP

By: /s/ Logan D. Smith                              By: /s/ Lars K. Evensen
    Logan D. Smith (*Pro Hac Vice*)                Lars K. Evensen
    655 West Broadway, Suite 900                  9555 Hillwood Drive, 2nd Floor
    San Diego, California 92101                      Las Vegas, Nevada 89134
    lsmith@mcnamarallp.com                         lkevensen@hollandhart.com

*Attorneys for Court-Appointed Receiver,*      *Attorneys for International Markets Live,*
*Thomas W. McNamara*                            *Inc.; IM Mastery Academy Ltd.;*
                                                              *Assiduous, Inc.; Christopher Terry; and*
                                                              *Isis Terry*

## ORDER

Pursuant to stipulation, the Receiver is authorized to sell the Vehicles, via Broad Arrow Auctions, and the Dubai Vehicles, via commercially reasonable sales methods. Without need for any additional court order, the Receiver is authorized to execute and deliver all additional certificates, title instruments and documents that may be reasonably necessary or desirable to implement the sale of the Vehicles and Dubai Vehicles. The sale of the Vehicles and Dubai Vehicles is hereby approved and confirmed without further notice, hearing or order and is deemed sufficient pursuant to 28 U.S.C. secs. 2001 and 2004.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Hon. Cristina D. Silva
United States District Judge

Dated: March 6, 2026

5