UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Federal Trade Commission, et al., | Case No. 2:25-cv-00760-CDS-DJA |
| Plaintiffs | **Order Granting in Part the Plaintiffs' Motion to Strike** |
| v. | |
| International Markets Live, Inc. et al., | [ECF No. 90] |
| Defendants | |

This is an enforcement action brought by plaintiffs, the Federal Trade Commission and the State of Nevada, against defendants International Markets Live, Inc., IM Mastery Academy Ltd., Assiduous, Inc., Global Dynasty Network, LLC, Christopher and Isis Terry ("the Terrys"), and others, from operating alleged unlawful investment training and business schemes. *See* Compl., ECF No. 1. The plaintiffs filed a motion to strike affirmative defenses alleged by the defendants. Mot. to strike, ECF No. 90. This motion is fully briefed. Opp'n, ECF No. 102; Reply, ECF No. 110. For the reasons set forth herein, the plaintiffs' motion is granted in part.

I.    Discussion

Rule 12(f) permits the court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[M]otions to strike are highly disfavored, *e.g., Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014), rarely granted, *e.g., Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000), and viewed as 'time-wasters,' *e.g., Gaines v. AT&T Mobility Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019)." *Leach v. Ingram*, 2024 WL 4041638, at *4 (D. Nev. Sep. 4, 2024). An affirmative defense is insufficiently pleaded if it fails to give the plaintiff "fair notice" of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). A moving party seeking to show that a defense is insufficient, must show "there are no questions of fact, that any questions of law are clear and not in dispute, and

that under no set of circumstances could the defense succeed." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (citation omitted). Given the disfavored status of motions to strike, "courts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. L.V. Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013).

On May 1, 2025, the plaintiffs filed a complaint against the defendants for violations of the Federal Trade Commission Act, the Telemarketing Sales Rule, the Restore Online Shoppers' Confidence Act, and the Deceptive Trade provisions of Chapter 598 of the Nevada Revised Statutes. ECF No. 1. On July 7, 2025, the defendants filed an answer. Answer, ECF No. 78. Therein, the defendants assert thirty-three defenses, which they characterize as affirmative defenses, and include a reservation of their rights. *Id.* at 62–67.

On July 28, 2025, the plaintiffs filed this pending motion to strike asserting the following arguments: (1) the defendants fail to provide "fair notice"; (2) the defenses asserting various equitable and related theories are insufficiently pled and fail as a matter of law; (3) the defendants' request for attorney's fees is not an affirmative defense; and (4) the defendants' reservation of their right to amend their answer in the future is a legal request subject to Federal Rule of Civil Procedure 15. ECF No. 90 at 3. In opposition, the defendants argue that the plaintiffs (1) prematurely ask this court to strike their affirmative defenses, (2) inappropriately conflate the difference between insufficiency as a matter of law and insufficiency as a matter of pleading, and (3) incorrectly assert that the court should strike its equitable defenses because other courts have done so. ECF No. 102 at 3. I address each argument in turn.

**A. The motion to strike is granted as to the defendants' affirmative defenses No. 4 and No. 25.**

### 1. *Affirmative defense No. 4*

The defendants' affirmative defense No. 4 asserts: "Plaintiffs' claims are barred, in whole or in part, for failure to satisfy the required administrative or procedural prerequisites necessary to raise such claims or seek such relief." ECF No. 78 at 62. In their motion, the plaintiffs assert that the defendants' affirmative defense No. 4 fails to provide fair notice of the nature of the defenses. ECF No. 90 at 5–6. In opposition, the defendants argue that the affirmative defense is "sufficiently pleaded to put [the p]laintiffs on notice of what administrative or procedural perquisites under the statutory provisions sought by [the p]laintiffs are necessary to raise such claims or seek such relief." ECF No. 102 at 10. They further argue that the plaintiffs "feigned ignorance" of the FTC's own administrative procedures are insufficient for purposes of satisfying their burden on a Rule 12(f) motion. *Id.*

An affirmative defense requires only that defendant provide fair notice—that is, the defendant must state the nature and grounds for the affirmative defense. *See Conley v. Gibson*, 355 U.S. 41, 47–48 (1957). Fair notice does not require a detailed statement of facts. *See Kohler v. Islands Rests., LP*, 280 F.R.D. 560 (S.D. Cal. 2012). The court acknowledges that the defendants certainly do not have to provide a detailed account of every fact. However, the defendants simply assert a blanket statement to try to cover all of the plaintiffs' claims. The defendants acknowledge in their answer that there are ten counts listed in the complaint, yet they make not effort to state which claims affirmative defense No. 4 is directed at, nor even attempt to identify what "administrative or procedural prerequisites" they are referring to. *See* ECF No. 78; ECF No. 102 at 3–4. As such, affirmative defense No. 4 does not fairly put the plaintiffs on notice and is stricken.

### 2. *Affirmative defense No. 25*

In their twenty-fifth defense, the defendants assert that "Plaintiffs' claims are barred, in whole or part, to the extent any relief requested by Plaintiffs would not be in the public interest and would be contrary to the public interest." ECF No. 78 at 65. The plaintiffs argue that the defendants make broad assertions, but the affirmative defense is devoid of any factual content. ECF No. 90 at 6. They further argue that the defense does not give any indication why the relief sought by the plaintiffs is contrary to the public interest. *Id.* In opposition, the defendants argue that the court should construe its affirmative defense "as a whole with the complaint" and that their affirmative defense sufficiently pleads to give the plaintiffs fair notice. This argument does nothing to clarify what defendants are attempting to assert. Stated otherwise, affirmative defense No. 25 is vague at best, so its stricken. *See Vanguard Dealer Servs., LLC v. Cervantes*, 2023 WL 3852404, at *4 (D. Nev. June 6, 2023) (finding an affirmative defense too vague when the affirmative defense included words such as "in whole or in part" and providing leave to add factual bases for the defenses).

### B. The motion to strike is granted in part and denied in part as to the defendants' affirmative defenses Nos. 12, 20, 21, and 22.

The defendants raise several affirmative defenses involving legal theories that include the doctrine of estoppel, unclean hands, and laches. *See generally* ECF No. 78. Because each of these defenses are closely related, I address them together.

The defendants raise as their twelfth defense: "Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, unclean hands, laches, waiver, mistake, excuse, and/ or doctrine of nonperformance." ECF No. 78 at 63. The plaintiffs move to strike affirmative defense No. 12 because it is inadequately pled and fails to give the plaintiffs fair notice as to the basis for asserting it. ECF No. 90 at 7. Further, the plaintiffs assert that defense No. 12 is a laundry list of alleged defenses, with no legal or factual predicates. *Id.*

The defendants' twentieth affirmative defense asserts that "[t]he FTC is barred from seeking, obtaining, or enforcing any equitable remedy by the doctrine of unclean hands because of its outrageous conduct during its investigation that led to this action." ECF No. 78 at 65. The plaintiffs assert that the defense includes only the inflammatory and conclusory allegation that the FTC engaged in unidentified "outrageous conduct" in conducting its investigation of the defendants. ECF No. 90 at 7.

The defendants' twenty-first affirmative defense asserts that "[t]he FTC's claims are barred by the doctrine of equitable estoppel because the FTC engaged in affirmative misconduct that caused substantial injustice—including at least in connection with its investigation of [the respondents] and selective enforcement of the FTC Act, TSR, and ROSCA." ECF No 78 at 65.

Finally, the defendants' twenty-second affirmative defense asserts:

> The FTC's claims are barred, in whole or in part, by the doctrine of laches because the FTC engaged in affirmative misconduct—including at least in connection with its investigation of IML and selective enforcement of the FTC Act, TSR, and ROSCA—and inexcusably and unreasonably delayed in filing and serving the Complaint against RESPONDENTS, coupled with the delay of the consumers it purports to represent, thereby prejudicing RESPONDENTS.

*Id.* The plaintiffs assert that the defendants fail to state what prejudice they suffered and what substantial injustice occurred. ECF No. 90 at 7. They further assert that the defendants fail to explain how the FTC "inexcusably and unreasonably delayed in filing," serving the complaint, and "engaged in selective enforcement" of "the FTC Act, TSR, and ROSCA." *Id.* Moreover, the plaintiffs assert that affirmative defenses Nos. 20–22 fail to provide the FTC with fair notice of their nature and should therefore be stricken. *Id.*

First, I strike the defendants affirmative defense No. 12 because it is duplicative in nature with affirmative defenses Nos. 20–22. *See Nicholson v. Dispack Projects NV*, 2025 U.S. Dist. LEXIS 195403, at *2–3 (D. Nev. Oct. 1, 2025) (citing Fed. R. Civ. P. 12(f)) (explaining that a court may strike from a pleading any redundant matter). Redundant matters are duplicative and repetitive.

*Id.* Here, I find that defense No. 12 is also raised in defense Nos. 20–22, so I strike No. 12 as duplicative.

I deny the plaintiffs' motion to strike affirmative defense Nos. 20–22. I find that "an affirmative statement need not contain facts making the defense plausible, as under *Iqbal*, because Rule 8(c) does not require a 'showing,' as does Rule 8(a), but an affirmative defense must at least fairly identify the legal theory upon which it rests." *See Rockwell Automation, Inc. v. Beckoff Automation, LLC*, 23 F. Supp. 3d 1236, 1241–42 (D. Nev. 2014) (quoting *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011)).

In contrast to affirmative defenses Nos. 4 and 25, the defendants have in defenses Nos. 20–22 provided the plaintiffs with notice. *See Walker v. Charter Communs. Inc*, 2016 U.S. Dist. LEXIS 84510, at *8 (D. Nev. June 29, 2016) (declining to strike the affirmative defenses on the grounds that the defendants gave the plaintiff fair notice, even when the defendants allegedly failed to provide specific facts pertaining to a defense). Because a defendant need only give the plaintiff fair notice of the defense by affirmatively stating what the defense is, *Wyshak*, 607 F.2d at 827, I deny the plaintiffs' motion to strike affirmative defenses Nos. 20–22.[1]

### C. The motion to strike is denied as moot as to defendants' defense No. 33 seeking attorney's fees.

The defendants also seek in their defense and prayer for relief for attorney's fees, along with the costs expended in this action. ECF No. 78 at 67. However, the defendants "voluntarily withdraw" their affirmative defense seeking attorney's fees and their reservation of rights without prejudice. ECF No. 102 at 6. As such, I deny as moot the plaintiffs' motion to strike as to affirmative defense No. 33.

---

[1] I am also unpersuaded by the plaintiffs' argument that the defendants' affirmative defenses should be struck because they are generally unavailable as defenses against a government enforcement action. ECF No. 90 at 8. *See Rockwell Automation*, 23 F. Supp. 3d at 1241–42 (explaining an affirmative defense need not be plausible to survive; it must merely provide fair notice of the issues involved) (citations omitted).

**D. The motion to strike is granted as to the defendants' reservation of their right to amend their answer.**

The defendants' answer seeks to "reserve the right to seek to amend and supplement" their answer based on "further investigation and discovery". ECF No. 78 at 3, 67. However, the law maintains that "a reservation of affirmative defenses is not an affirmative defense." *Vanguard Dealer Services, LLC*, 2023 WL 3852404, at *5; *see also Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 578 (N.D. Cal. 2016) (explaining to the extent that the reservation defense attempts to preserve rights already preserved by the Federal Rules, it is duplicative). As such, the court strikes the defendants' affirmative defense, their right to amend their answer.

## II.   Conclusion

IT IS THEREFORE ORDERED that the plaintiffs' motion to strike **[ECF No. 90] is GRANTED in part as set forth in this order.**

Dated: March 19, 2026

_____
Cristina D. Silva
United States District Judge