UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Federal Trade Commission, et al.,

               Plaintiffs

v.

International Markets Live, Inc., et al.,

               Defendants

Case No. 2:25-cv-00760-CDS-EJY

**Order Granting the Receiver's Second Motion for Fees and Expenses and Motion to Compel, Accepting the Notice of Proposed Settlement and Staying the Case, Denying the Defendants' Motions, and Issuing Sanctions against the Defendants' Counsel**

[ECF Nos. 229, 231, 232, 233, 251, 262, 288]

On April 2, 2026, I held a hearing regarding the order to show cause issued on March 27, 2026, concerning defense counsel's failure to comply with my order to file briefing on a conflict-of-interest issue requiring resolution. Order, ECF No. 278. During that hearing, I also addressed several other outstanding matters to include: (1) the Receiver's second motion for an order approving fees and expenses of the receiver and professional; (2) the Receiver's motion for an order compelling Bank of America to comply with the third preliminary injunction; (3) the defendants' failure to comply with the court's order to brief the conflict issue; (4) the plaintiffs' motion for leave to amend the complaint; (5) the parties' notice of proposed settlement and joint motion to stay; and (6) the defendants' remaining pending motions. This order memorializes and summarizes the matters resolved during the April 2, 2026 hearing.[1]

First, I deny the defendants' ex parte motion to stay. ECF Nos. 231, 232, 233. The motion fails to comply with Nevada Rule of Professional Conduct 3.3(d), which states that "[i]n an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision." NRPC 3.3(d). Counsel for the defendants failed to inform the court of a conflict of interest between the defendants and former local counsel for the court-appointed receiver in their ex parte filings. Counsel further failed to

---

[1] The transcript of the April 2, 2026 hearing is incorporated herein.

disclose the conflict during a hearing related to the ex parte motions and subsequent emergency motion to stay (ECF No. 237). Instead, the court became aware of the conflict through a non-party to this action. Further exacerbating the failure to comply with Rule 3.3(d) was counsel's willful failure to timely file briefing on the issue, as previously ordered. Counsel did not provide a sufficient explanation for this noncompliance and acknowledged on the record that the conflict of interest should have been disclosed earlier. Consequently, at the conclusion of the hearing, I imposed sanctions against defense counsel Lars K. Evensen in the amount of $1,000, to be paid to the Clerk of the Court. Counsel is required to file proof of payment. I also cautioned co-counsel Jenapher Lin for her role in failing to comply with the Nevada Rules of Professional Conduct and this court's order.

Second, the plaintiffs' motion for leave to amend their complaint is granted. ECF No. 229. The court also grants the Receiver's motion to compel third-party Bank of America's compliance with the third modified preliminary injunction and to turn over receivership funds. ECF No. 262. That motion, filed on March 12, 2026, remains unopposed as of the date of this order.

Third, the court has reviewed the Receiver's declaration and supporting documents and is satisfied with the Receiver's second application for fees and expenses. ECF No. 251. Further, more than 14 days have passed since the filing of the motion, and no objections or oppositions to the Receiver's motion have been filed. Accordingly, finding good cause, I grant the Receiver's motion in full and approve the payment of the following requested amounts for fees and expenses:

(1) $243,727.50 for the fees and $30,411.20 expenses of the Receiver and staff to be paid to TWM Receiverships, Inc., dba Regulatory Resolutions;

(2) $252,050.50 fees and $26,890.14 expenses of the Receiver's counsel, McNamara Smith LLP;

(3) $27,647.50 fees and $504.28 expenses of the Receiver's Nevada counsel, Clark Hill PLC;

(4) $6,130.60 fees of the Receiver's counsel, Ballard Spahr LLP; $7,875.36 fees of the Receiver's Dubai counsel, Hadef & Partners; and

(5) $4,025.00 fees of the Receiver's accountant Alliance Turnaround Management, Inc.

The Receiver is authorized to continue administering the Receivership in accordance with the court's prior orders, including continued engagement of such professionals as he deems necessary for the proper administration of the Receivership, and to seek any further relief the court deems necessary and appropriate to fulfill his duties.

Finally, as stated on the record, the court grants the parties' request for a sixty-day stay pending settlement. ECF No. 288. The defendants are ordered to file waivers of any conflict of interest before the court reviews the settlement agreement.[2] Alternatively, the defendants may submit such waivers contemporaneously with the settlement agreement.

Conclusion

IT IS HEREBY ORDERED that the Receiver's second motion for attorney's fees and expenses of the receiver **[ECF No. 251] is GRANTED.**

IT IS FURTHER ORDERED that the following fees and costs are approved:

(1) $243,727.50 for the fees and $30,411.20 expenses of the Receiver and staff to be paid to TWM Receiverships, Inc., dba Regulatory Resolutions;

(2) $252,050.50 fees and $26,890.14 expenses of the Receiver's counsel, McNamara Smith LLP;

(3) $27,647.50 fees and $504.28 expenses of the Receiver's Nevada counsel, Clark Hill PLC;

(4) $6,130.60 fees of the Receiver's counsel, Ballard Spahr LLP; $7,875.36 fees of the Receiver's Dubai counsel, Hadef & Partners; and

(5) $4,025.00 fees of the Receiver's accountant Alliance Turnaround Management, Inc.

---

[2] The defendants complied with this order and filed a notice of waivers on April 2, 2026. *See* Notice, ECF No. 289.

3

IT IS FURTHER ORDERED that the Receiver's motion for an order compelling third-party Bank of America to comply with the third modified preliminary injunction **[ECF No. 262] is GRANTED.** Bank of America must turn over to the Receiver, in his capacity as the Receiver of Receivership Entity Auspicious Irrevocable Trust, an amount of $8 million held in the Texas IOLTA account held by Wimbish Lopez Law P.C. at Bank of America, and further, must turn over to the Receiver, in his capacity as the Receiver of Receivership Entity Auspicious Irrevocable Trust, all interest earned on that $8 million, running from June 3, 2025, to the date on which Bank of America froze the Wimbish Lopez IOLTA Account.

IT IS FURTHER ORDERED that the plaintiffs' motion for leave to amend the complaint **[ECF No. 229] is GRANTED.**

IT IS FURTHER ORDERED that pursuant to the parties' notice of proposed settlement **[ECF No. 288], this matter is stayed for sixty days.**

IT IS FURTHER ORDERED that the defendants' motions **[ECF Nos. 231, 232, 233] are DENIED as set forth on the record.**

IT IS FURTHER ORDERED that defense counsel Lars Evenson is sanctioned in the amount of $1,000. The sanction is payable to the Clerk of Court and is due immediately. [3] The show cause order [ECF No. 278] is discharged as to co-counsel Jenapher Lin.

Dated: April 3, 2026

_____
Cristina D. Silva
United States District Judge

---

[3] Counsel submitted a notice of compliance and a receipt of payment. ECF No. 291.