# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION, and

STATE OF NEVADA,

     Plaintiffs,

     v.

INTERNATIONAL MARKETS LIVE, INC., a corporation, also d/b/a IYOVIA, iMarketsLive, IM Mastery Academy, and IM Academy,

IM MASTERY ACADEMY LTD., f/k/a International Markets Live Ltd., a United Kingdom company,

ASSIDUOUS, INC., a corporation,

CHRISTOPHER TERRY, a/k/a CHRIS TERRY, individually and as an owner and officer of INTERNATIONAL MARKETS LIVE, INC.,

ISIS TERRY, f/k/a ISIS DE LA TORRE, individually and as an owner and officer of INTERNATIONAL MARKETS LIVE, INC., IM MASTERY ACADEMY LTD., and ASSIDUOUS, INC.,

     Defendants, and

AUSPICIOUS IRREVOCABLE TRUST, DATED FEBRUARY 10, 2019, THROUGH P. STERLING KERR, TRUSTEE, a Nevada Spendthrift Trust,

AFFLATUS HOLDINGS, LLC, a limited liability company,

**Case No. 2:25-cv-00760-CDS-EJY**

[PROPOSED] **STIPULATED ORDER FOR MONETARY JUDGMENT AS TO RELIEF DEFENDANTS KEISHIA MCLEOD, ANALUSION, LLC, AND QCS1, LLC**

1

DOMINANT CONSULTING GROUP, LLC, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC SERIES 01, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC SERIES 02, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC SERIES 03, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC SERIES 04, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC SERIES 06, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC SERIES 07, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC SERIES 08, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC SERIES 10, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC SERIES 11, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC SERIES 12, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC SERIES 13, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC SERIES 14, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC SERIES 15, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC
SERIES 16, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC
SERIES 17, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC
SERIES 18, a series limited liability company,

DOMINANT CONSULTING GROUP, LLC
SERIES 20, a series limited liability company,

REVERIE STATE, LLC, a limited liability
company,

TERRA FIRMA DEVELOPMENT, LLC, a
limited liability company,

FELICITOUS CHARM, LLC, a limited liability
company,

HARMONIC WAVES HOLDING LLC, a limited
liability company,

ANALUSION, LLC, a limited liability company,

QCS1, LLC, a limited liability company,

and

KEISHIA MCLEOD, aka Anastasiia, individually
and as an owner and officer of ANALUSION,
LLC and QCS1, LLC,

     Relief Defendants.

The Federal Trade Commission ("Commission") and the State of Nevada (collectively, "Plaintiffs"), filed their Complaint for Permanent Injunction, Monetary Judgment, and Other Relief, subsequently amended as First Amended Complaint for Permanent Injunction, Monetary Judgment, and Other Relief (as amended, "Complaint"), pursuant to Sections 13(b) and 19 of the

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and Nev. Rev. Stat. § 598.0963. Plaintiffs and Relief Defendants Keishia McLeod, QCS1, LLC, and Analusion, LLC stipulate to the entry of this Stipulated Order for Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Relief Defendants received, directly or indirectly, funds or assets that are traceable to funds obtained from consumers as a result of deceptive acts and practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, Section 4 of ROSCA, 15 U.S.C. § 8403, the Telemarketing Act, 15 U.S.C. §§ 6101-6108, the Commission's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. §§ 598.0903, *et seq.*, and particularly Nev. Rev. Stat. §§ 598.0915(5) and 598.0923(1)(c). These acts and practices included the deceptive advertising, marketing, distribution, and selling of trading training services and a multi-level marketing business venture to consumers throughout the United States.

3.      Relief Defendants are not *bona fide* purchasers with legal and equitable title to these funds or assets, and instead hold the funds and assets in constructive trust for the benefit of these consumers.

4.      Relief Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Relief Defendants admit the facts necessary to establish jurisdiction.

5.      Relief Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

6.      Relief Defendants and Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Asset Freeze**" means the provisions of the Third Modified Preliminary Injunction (ECF No. 188) which restrain and enjoin the use or sale of assets including, but not limited to, the provisions of Sections IV, V, VII, VIII, and XIV of the Third Modified Preliminary Injunction.

B.      "**Person**" means any natural person or any entity, corporation, partnership, or association of persons.

C.      "**Receiver**" means Thomas W. McNamara, who was appointed by this Court in Section XII of the Third Modified Preliminary Injunction, with full powers of an equity receiver, and any deputy receivers that shall be named by him.

D.      "**Receivership Assets**" means all assets held by the Receiver pursuant to the Third Modified Preliminary Injunction.

E.      "**Settlement Assets**" means the assets listed in **Attachment A**.

F.      "**Relief Defendants**" means Keishia McLeod, aka Anastasiia; Analusion, LLC; and QCS1, LLC.

**ORDER**

## I.   JUDGMENT FOR MONETARY RELIEF

IT IS ORDERED that:

A.      Judgment in the amount of **Five Million, Five Hundred Eighty Thousand, Six Hundred Sixteen Dollars ($5,580,616.00)** is entered in favor of Plaintiffs against Relief Defendants, jointly and severally, as monetary relief.

B.      Within ten (10) days of the date of entry of this Order, Relief Defendants shall surrender, transfer, assign, and convey to the Receiver all control, title, possession, legal and equitable title, dominion, and interest in all the Settlement Assets. Relief Defendants shall cooperate fully with the Receiver, including by executing any documents or instruments presented by or requested by the Receiver and doing whatever else the Receiver deems necessary or desirable to effect the sale, resale, or transfer of the Settlement Assets and by providing any necessary information, to cause the transfer of the Settlement Assets. Relief Defendants waive any and all claims to the Settlement Assets.

C.      The Asset Freeze is modified specifically to permit the transfers of the Settlement Assets identified in this Section. Upon completion of all transfers of the Settlement Assets, the Asset Freeze is dissolved as to Relief Defendants, and the remaining assets of Relief Defendants are released from the receivership to the Relief Defendants.

D.      In the event that it is necessary to execute additional documents to transfer or liquidate the Settlement Assets, Relief Defendants shall execute such documents within five (5) days of a written request from the Receiver or either Plaintiff.

## II.   ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.      Relief Defendants relinquish dominion and all legal and equitable right, title, and

6

interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.    The facts alleged in the Complaint establish all elements necessary to sustain an action by Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.    Each Relief Defendant acknowledges that its Employer Identification Number, Social Security Number, or other Taxpayer Identification Number ("TIN"), including all TINs that Relief Defendants previously provided, may be used by Plaintiffs for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. §7701.

E.    All money received by Plaintiffs pursuant to this Order's Judgment for Monetary Relief may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Relief

Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

### III.   RECEIVER'S LIQUIDATION OF SETTLEMENT ASSETS

IT IS FURTHER ORDERED that:

A.   The receivership imposed by this Court shall continue in the manner set forth in the Third Modified Preliminary Injunction issued on November 7, 2025 (ECF No. 188) except as modified by this Order, and the Receiver shall continue to have the full powers of an equity receiver, as an agent of the Court, pursuant to Sections XII and XIII of the Third Modified Preliminary Injunction, which shall remain in effect until further order of the Court.

B.   The Receiver shall promptly take all steps necessary to liquidate the Settlement Assets using any commercially reasonable means, including auction and/or private sale, and all such sales shall be deemed authorized and approved under 28 U.S.C. § 2004 without further notice, hearing, or court order. After such liquidation, the Receiver shall remit the net proceeds to the Commission or its designated representative as payment toward the monetary judgments entered against Relief Defendants within 21 days of each such sale or liquidation. The Receiver and his representatives shall continue to be entitled to reasonable compensation for the performance of their duties pursuant to this Order from the Receivership Assets. The Receiver and his representatives shall not increase their hourly rates without prior approval of the Court.

C.   With Court approval, the Receiver may hold back funds for a specified period as a reserve to cover additional fees and costs related to further actions. If the Receiver does not make a motion for payment of additional fees and expenses within the specified period, or if funds remain in the reserve fund after the payments of fees and expenses approved by the Court in response to such a motion, all funds remaining in the reserve fund shall be immediately paid to the Commission.

## IV.    COOPERATION WITH RECEIVER

IT IS FURTHER ORDERED that Relief Defendants and their representatives, officers, agents, employees, and attorneys, and any other Person served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the assets that Relief Defendants are surrendering pursuant to Subsection I.B of this Order. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order.

## V.    ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Relief Defendants obtain acknowledgments of receipt of this Order:

A.    Each Relief Defendant, within 7 days of entry of this Order, must submit to both Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580. The subject line must begin: FTC v International Markets Live, X250032.

C.    Unless otherwise directed by a representative of the State of Nevada in writing, all submissions to the State of Nevada pursuant to this Order must be emailed to bcpmsreports@ag.nv.gov or sent by overnight courier (not the U.S. Postal Service) to: Lucas J. Tucker, Senior Deputy Attorney General, Bureau of Consumer Protection, 8945 West Russell

9

Road, Suite #204, Las Vegas, NV 89148. The subject line must begin: FTC v International Markets Live.

## VI.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Relief Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of either Plaintiff, each Relief Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. Both Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, both Plaintiffs are authorized to communicate directly with each Relief Defendant. Relief Defendants must permit representatives of Plaintiffs to interview any employee or other Person affiliated with any Relief Defendant who has agreed to such an interview. The Person interviewed may have counsel present.

C.      Both Plaintiffs may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Relief Defendants, and any individual or entity affiliated with Relief Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of either Plaintiff, any consumer reporting agency must furnish consumer reports concerning Relief Defendant Keishia McLeod, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

10

## VII.    RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this ___ day of _____, 2026**

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE

11

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

**FEDERAL TRADE COMMISSION**

_Laura Basford_                                    Date: _July 15, 2026_

THOMAS M. BIESTY
LAURA C. BASFORD
J. RONALD BROOKE, JR.
JOSHUA A. DOAN
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-6316
Washington, D.C. 20580
(202) 326-3043 (Biesty)
(202) 326-2343 (Basford)
(202) 326-3484 (Brooke)
(202) 326-3187 (Doan)
Email: tbiesty@ftc.gov; lbasford@ftc.gov; jbrooke@ftc.gov; jdoan@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**STATE OF NEVADA**

AARON D. FORD
Attorney General

ERNEST D. FIGUEROA
Consumer Advocate

_____                  Date: _____
LUCAS J. TUCKER
SAMANTHA B. FEELEY
Office of the Nevada Attorney General
8945 West Russell Road, Suite #204
Las Vegas, NV 89148
(702) 486-3256 (Tucker)
(702) 486-3789 (Feeley)
Email: ltucker@ag.nv.gov; sfeeley@ag.nv.gov

Attorneys for Plaintiff

12

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

**FEDERAL TRADE COMMISSION**

_____     Date: _____
THOMAS M. BIESTY
LAURA C. BASFORD
J. RONALD BROOKE, JR.
JOSHUA A. DOAN
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-6316
Washington, D.C. 20580
(202) 326-3043 (Biesty)
(202) 326-2343 (Basford)
(202) 326-3484 (Brooke)
(202) 326-3187 (Doan)
Email: tbiesty@ftc.gov; lbasford@ftc.gov; jbrooke@ftc.gov; jdoan@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**STATE OF NEVADA**

AARON D. FORD
Attorney General

ERNEST D. FIGUEROA
Consumer Advocate

_____     Date: July 14, 2026
LUCAS J. TUCKER
SAMANTHA B. FEELEY
Office of the Nevada Attorney General
8945 West Russell Road, Suite #204
Las Vegas, NV 89148
(702) 486-3256 (Tucker)
(702) 486-3789 (Feeley)
Email: ltucker@ag.nv.gov; sfeeley@ag.nv.gov

Attorneys for Plaintiff

12

STATE OF NEVADA

FOR RELIEF DEFENDANTS:

Date: 6/12/26

RICHARD A. WRIGHT
WRIGHT MARSH & LEVY
300 S. 4TH Street, Suite 701
Las Vegas, NV 89101
Phone: 702.382.4004
Fax: 702.382.4800
rick@wmllawlv.com
COUNSEL FOR RELIEF DEFENDANTS
KEISHIA MCLEOD; ANALUSION, LLC AND QCS1, LLC

RELIEF DEFENDANTS:

Date: June 12, 2026

KEISHA MCLEOD, INDIVIDUALLY
AND AS MANAGING MEMBER
OF ANALUSION, LLC AND
QCS1, LLC

13

**Attachment A - Settlement Assets**

**Real Property**

| Property type | Title held by | Address |
|---|---|---|
| Single family home | QCS1, LLC | Henderson, NV |

**Personal Property - Vehicles**

| Location | Property | Owner |
|---|---|---|
| In possession of Receiver | 1963 Chevrolet Impala,  Black, VIN: 31847J142952 | Keishia McLeod |
| | Lamborghini Huracan LP 601 4, VIN: ZHWUC1ZF9GLA03696 | Keishia McLeod |

**Personal Property - Jewelry**

| Location | Property | Owner |
|---|---|---|
| In possession of Receiver | Diamond Tiara | Keishia McLeod |
| | Diamond Ring | Keishia McLeod |

**Personal Property - Other**

| Location | Property | Owner |
|---|---|---|
| Henderson, NV | Gym equipment | Keishia McLeod |
| | Piano | Keishia McLeod |
| | Music studio equipment, including soundboards, musical instruments, and recording equipment | Keishia McLeod |

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, a copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system, and on Richard A. Wright, counsel for Relief Defendants Analusion, LLC, QCS1, LLC, and Keishia McLeod by email (rick@wmllawlv.com), with Mr. Wright's permission.

/s/ Laura C. Basford
Laura C. Basford
Counsel for Plaintiff Federal Trade Commission